**LAW OFFICES OF RONALD A. MARRON**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
KAS L. GALLUCCI (SBN 288709)
*kas@consumersadvocates.com*
MICHAEL T. HOUCHIN (SBN 305541)
*mike@consumersadvocates.com*
ELISA PINEDA (SBN 328285)
*elisa@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

**LAW OFFICE OF CHARLES D. RICHMOND**
CHARLES D. RICHMOND (SBN 95915)
*charles@cdresq.com*
400 South Sierra Ave. #100
Solana Beach, California 92075
Telephone: (858) 558-4600
Facsimile: (858)755-0965

*Attorneys for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PIA MCADAMS, on behalf of herself and those similarly situated,

                Plaintiff,

    vs.

NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, a Delaware limited liability company,

                Defendant.

Case No.: 3:20-cv-02202-L-BLM

**FIRST AMENDED CLASS ACTION COMPLAINT**

CLASS ACTION COMPLAINT FOR VIOLATIONS OF:

1. California's Homeowner Bill of Rights, § 2923.6
2. Intentional Misrepresentation Cal. Civ. Code §§ 1709 *et seq.*
3. Negligent Misrepresentation, Cal. Civ. Code §§ 1709 *et seq.*
4. Promissory Estoppel
5. California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq.*

**DEMAND FOR JURY TRIAL**

- 1 -

1

# TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................ - 3 -

II.  JURISDICTION AND VENUE ............................................................... - 3 -

III. PARTIES ................................................................................................... - 4 -

IV. NATURE OF ACTION ........................................................................... - 4 -

V.  ALLEGATIONS ....................................................................................... - 5 -

   a.  Plaintiff Pia McAdams' Experience ................................................. - 5 -

   b.  California's Homeowner Bill of Rights Creates a Private Cause of Action for Violations of Cal. Civ. Code § 2923.6. ............................................... - 12 -

   c.  Nationstar's Foreclosure Practices Violate Cal. Civ. Code § 2923.6 ........... - 14 -

VI. CLASS ACTION ALLEGATIONS ...................................................... - 19 -

VII. CAUSES OF ACTION ......................................................................... - 21 -

VIII. PRAYER FOR RELIEF ..................................................................... - 27 -

IX. JURY DEMAND .................................................................................... - 28 -

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Pia McAdams ("Plaintiff" or "McAdams"), on behalf of herself and all others similarly situated, by and through her undersigned counsel, hereby brings this action against Nationstar Mortgage LLC d/b/a Mr. Cooper, ("Defendant" or "Nationstar") and upon information and belief and investigation of counsel alleges as follows:

## I.    INTRODUCTION

1.    Plaintiff Pia McAdams is one of many homeowners whose rights were violated by Nationstar during the foreclosure process.  As a result of Nationstar's misconduct, McAdams and those similarly situated were deprived of a meaningful opportunity to prevent the loss of their homes.

2.    Plaintiff now brings this action to remedy and correct Nationstar's violations and defend the rights and protections afforded to homeowners by the State of California.

## II.    JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because: Defendant is a citizen of a different state than Plaintiff, the proposed Class consists of more than 100 persons, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.  None of the exceptions under CAFA apply to this action.

4.    The Court has personal jurisdiction over Defendant because Defendant's negligent acts, misrepresentations, and violations of the California Homeowner Bill of Rights and the Unfair Competition Law alleged herein caused injury to Plaintiff who resides in the Southern District of California.

5.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events that gave rise to Plaintiff's claims occurred within this District.

FIRST AMENDED CLASS ACTION COMPLAINT

### III.    <u>PARTIES</u>

6.    Plaintiff Pia McAdams, an individual, is a citizen and resident of Vista, California 92084.

7.    Defendant Nationstar Mortgage, LLC, doing business as Mr. Cooper, is a Delaware limited liability company that services home loans in California and throughout the United States.  Nationstar maintains its principal place of business at 8950 Cypress Waters Blvd., Dallas Texas 75019.

### IV.    <u>NATURE OF ACTION</u>

8.    This is a California class action that seeks to remedy and prevent Nationstar's pattern and practice of wrongfully foreclosing on properties in disregard of the rights and protections afforded to Californian homeowners.

9.    After losing her job as a professor, McAdams faced the loss of her home through foreclosure.  McAdams sought out Nationstar's assistance with pursuing alternatives to foreclosure to save her home.  McAdams timely complied with each of Nationstar's document requests and submitted each of the documents requested from her in the Borrower Response Package Nationstar sent to her.

10.    Yet Nationstar continued to foreclose on McAdams' home and insisted that McAdams resubmit one of the requested documents a second time.  Nationstar then falsely told McAdams that she had until April 7, 2019 to resubmit the requested document at which point Nationstar would halt the foreclosure process.

11.    McAdams was about to resubmit the requested document when Nationstar sold her home in a foreclosure sale on March 22, 2019.

12.    Nationstar's conduct violated the protections afforded to Californian homeowners.

13.    As a result, McAdams and those similarly situated (the "Class") were deprived of a meaningful opportunity to prevent the foreclosure of their homes.

14.    Accordingly, McAdams brings this action for violations of California's Homeowner Bill of Rights ("HOBOR"), intentional and negligent misrepresentation,

1  promissory estoppel, and violations of California's Unfair Competition Law
2  ("UCL"), on behalf of herself and those similarly situated.

3                          **V.    ALLEGATIONS**

4      **a.  Plaintiff Pia McAdams' Experience**

5          15.    McAdams purchased the real property at 2121 Fiori Drive in Vista,
6  California 92084 as her primary residence on or around August 19, 2004 with a loan
7  obtained from American Wholesale Lender, Inc. in the amount of $308,000 (the
8  "Loan").

9          16.    The Loan was secured by a Deed of Trust with CTC Real Estate
10 Services as the duly appointed trustee.

11         17.    Defendant Nationstar is the mortgage servicer to McAdams' Loan.

12         18.    On or around October 14, 2010 McAdams obtained a loan modification
13 of her Loan.

14         19.    On or around April 1, 2014, McAdams was experiencing financial
15 difficulties and fell into default with the Loan.

16         20.    On or around April 23, 2015, McAdams filed for bankruptcy.  *See*
17 Bankruptcy Petition #15-02621-CL13, United States Bankruptcy Court Southern
18 District of California, Dkt. 1 (Chapter 13 Voluntary Petition).

19         21.    McAdams and Nationstar thereafter entered into a second loan
20 modification agreement on or around December 8, 2016.  Attached hereto as **Exhibit**
21 **A** is Dkt. 12-5, filed in support of Defendant's Motion to Dismiss Plaintiff's
22 Complaint and containing the Modification of Deed of Trust and Home Affordable
23 Modification Agreement, signed by McAdams and dated December 8, 2016, at pp. 8-
24 19.

25         22.    McAdams certified that she was "experiencing a financial hardship, and
26 as a result, (i) I am in default under the Loan Documents or my default is imminent,
27 and (ii) I do not have sufficient income or access to sufficient liquid assets to make
28 the monthly mortgage payments now or in the near future.  However, I believe that I

can presently afford to make the modified mortgage payments shown below." *See* **Exhibit A,** at p. 9.

23. Under the agreement, McAdams' total monthly payments would be approximately $1,565.01. *See* **Exhibit A**, at p. 10.

24. McAdams also agreed that Nationstar would "collect and record personal information, including, but not limited to, [McAdams'] . . . income . . ." *See* **Exhibit A**, at p. 11.

25. Near the end of 2017, McAdams lost her primary source of income as a professor at Central Texas College.

26. After losing her job at Central Texas College, McAdams was permitted to use her retirement funds. McAdams used her retirement funds to pay Nationstar $13,025.04 on or around January 30, 2018.

27. Unfortunately, McAdams was unable to find another source of income and fell into default on the Loan on or around November 19, 2018. A copy of the Notice of Default is attached as **Exhibit B.**

28. The Notice of Default stated that as of November 19, 2018, McAdams would need to pay $8,408.35 to become current with her mortgage payments. *See* **Exhibit B**, at p. 2.

29. After receiving the Notice of Default, McAdams sent Nationstar a request for a loan modification on or around November 21, 2018.

30. On December 22, 2018, Nationstar sent McAdams a Borrower Response Package in response to her request. A copy of the Borrower Response Package is attached as **Exhibit C.**

31. The Borrower Response Package instructed McAdams to complete the attached documents by January 21, 2019. *See* **Exhibit C**, at p. 2.

32. The Borrower Response Package listed "Important Facts" at the top of the second page. These facts included the following:

FIRST AMENDED CLASS ACTION COMPLAINT

a. "Once we receive your application, we will provide you with an acknowledgment to let you know whether your application is complete or whether documentation or information is missing. *In the event information is missing and the application has not been received too close to a scheduled foreclosure sale to permit us to evaluate your application, we will provide you with a reasonable date within which the missing information must be provided to us*."

b. "Prior to our receipt of the missing/complete documents, a foreclosure process may be initiated or if the foreclosure has already been initiated, *the foreclosure process will continue until all documents are received unless state law provides otherwise*."

*See* **Exhibit C**, p. 2 (emphasis added).

33.    The requested documents included: the Borrower Assistance Form, the IRS Form 4506-T, Hardship documentation, and Income documentation. *See* **Exhibit C**, at p. 4.

34.    With regard to Hardship documentation, the letter instructed McAdams to "[f]ollow the instructions set forth on the Borrower Assistance Form (attached)." *See* **Exhibit C**, at p. 4.

35.    The attached Borrower Assistance Form instructed McAdams to return a completed Form, a completed IRS Form 4506T (when applicable), required income documentation and required hardship documentation. Hardship documents would not be required if the borrower's hardship was a result of "a hardship that has caused a decrease in your income due to circumstances outside your control . . . " *See* **Exhibit C**, at pp. 8 and 10.

36.    In reliance of Nationstar's representations, McAdams devoted time and energy into submitting her application and the requested documents.

37.    McAdams submitted the requested documents via Nationstar's online web portal nearly a week prior to the deadline, on or around January 16, 2019.

38.     McAdams included in her application a letter of hardship explaining that her "hardship began after [her] bankruptcy in 2015."   She explained that her "employment is depended upon classes offered," which "is based upon the number of students enrolled" in her class and other factors beyond her control."   Her intention was "to remain living on the property, her plan "to get current [was] to continue seeking additional employment in order to make the payments," and her "last option would be to sell the house."   A copy of the hardship letter is attached as **Exhibit D**, *see* p. 2.

39.     McAdams included in her letter of hardship a breakdown of her gross monthly income, expenses and debt payments.   This reflected her decrease in income after losing her teaching position at Central Texas College and showed a monthly net income of $556. *See* **Exhibit D** at p. 3.

40.     McAdams also submitted paystubs with her Borrower Response Package, which documented the decrease in monthly income.

41.     After submitting her application, Nationstar delayed responding <u>until nearly a month later,</u> on February 14, 2019.   A copy of the letter is attached as **Exhibit E.**

42.     In the letter, Nationstar informed McAdams' that the application was "incomplete" because it was missing her 1099 Tax Statement and a single additional paystub.   Additionally, Nationstar alleged that her Profit & Loss Statement was "illegible," and needed to be resubmitted.   Nationstar requested the listed documents be sent or resubmitted to Nationstar by March 15, 2019.  *See* **Exhibit E**, at p. 2.

43.     The February 14, 2019 letter (like the December 22, 2018 letter) stated: We have provided a reasonable date for your client to return the completed Borrower Response Package to us.  *See* **Exhibit E**, at p. 2.

44.     On or around February 19, 2019, Nationstar sent McAdams a Notice of Trustee's Sale informing her that unless she took action to protect her home, it would

FIRST AMENDED CLASS ACTION COMPLAINT

1    be sold at a public sale on March 22, 2019.  A copy of the letter is attached as

2    **Exhibit F.**

3        45.    On the last page of the letter, it states that "the sale date shown on the

4    attached notice of sale may be postponed one or more times by the mortgagee,

5    beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil

6    Code."[1]  *See* **Exhibit F**, at p. 7.

7        46.    Based on the information provided in Nationstar's Borrower Response

8    Package and the February 14th and 19th letters sent to Plaintiff, McAdams believed

9    that so long as she resubmitted her Profit and Loss Statement and sent the single

10   missing paystub in accordance with Nationstar's instructions, Nationstar would then

11   halt the foreclosure process while evaluating her loss prevention options.

12       47.    On or before March 8, 2019, McAdams timely resubmitted her Profit

13   and Loss Statement and sent the single missing paystub online via Nationstar's web

14   portal.[2]

15       48.    On or around March 8, 2019, Nationstar sent McAdams a letter

16   confirming receipt of the paystub and the updated Profit and Loss Statement.  A copy

17   of the letter is attached as **Exhibit G.**

18       49.    Despite submitting all of the requested documents within the timeframe

19   specified by Nationstar, Nationstar insisted that McAdams' application was still

20   "incomplete."  *See* **Exhibit G**, at p. 2.

21       50.    A chart on the first page provided a list of required documents and their

22   status.  All the "Required Documents," except for the Profit and Loss Statement,

23   stated that the Document Status was "Complete."  The Profit and Loss Statement was

24

25

---

26   [1] Cal. Civ. Code 2924(g) states a foreclosure sale may be postponed "[i]f stayed by operation of law" or "[a]t the discretion of the trustee." *Id.* (c)(1)(B) and (D).

27   [2] Because at the time of submitting her application McAdams worked as an employee, the 1099 tax statement did not apply to her. McAdams so informed

28   Nationstar when she submitted the single missing paystub and resubmitted her Profit and Loss Statement.

1   once again marked as "Updated Needed."  Nationstar alleged the Statement was "not
2   in the correct format" and requested McAdams "provide an itemized schedule for the
3   periods required."  *See* **Exhibit G**, at p. 2.

4       51.    Nationstar for the first time also requested that McAdams send "a letter
5   of explanation clarifying the information [] provided" in the Profit and Loss
6   Statement.  *See* **Exhibit G**, at p. 2.

7       52.    Nationstar requested that McAdams "return the specified documentation
8   to [Nationstar] by 4/7/2019."  *See* **Exhibit G**, at pp. 2-3 (emphasis added)

9       53.    The March 8, 2019 letter once again stated, "[Nationstar has] provided a
10  reasonable date for your client to return the completed Borrower Response Package
11  to us."  *See* **Exhibit G**, at p. 2.

12      54.    McAdams had in fact submitted *all* of the documents requested in
13  Nationstar's Borrower Response Package prior to Nationstar's March 15, 2019
14  deadline.   While Nationstar required that the Profit and Loss Statement be
15  resubmitted a second and for the first time requested a letter explaining the
16  information within the Statement, the fact remained that Profit and Loss Statement,
17  along with all of the other initially requested documents, had been timely submitted
18  to Nationstar within the timeframe specified.

19      55.    In reliance of the March 8th letter, McAdams was in the process of
20  resubmitting her Profit and Loss Statement with the letter when Nationstar sold her
21  home at a foreclosure sale on March 22, 2019.

22      56.    Confused as to why Nationstar would instruct her to resubmit the Profit
23  and Loss Statement by April 7, 2019 when it planned to go through with the
24  foreclosure sale on March 22, 2019, McAdams filed a complaint against Nationstar
25  with the California Department of Business Oversight on or around March 28, 2019.

26      57.    After receiving McAdams' complaint, Nationstar sent McAdams a letter
27  on April 11, 2019 confirming that her home had been sold at a foreclosure sale on
28  March 22, 2019.  A copy of the letter is attached as **Exhibit H**, *see* p. 2.

FIRST AMENDED CLASS ACTION COMPLAINT

58.   Nationstar also acknowledged that its letter dated March 8, 2019, listed a deadline of April 7, 2019 to resubmit the Profit and Loss Statement.  *See* **Exhibit H**, at p. 2.

59.   Nationstar stated that it was attempting to rescind the foreclosure sale. *See* **Exhibit H**, at p. 2.

60.   But Nationstar did not rescind the foreclosure sale of McAdams' home.

61.   As a result of Nationstar's conduct, McAdams' was denied a meaningful opportunity to prevent the loss of her home because McAdams relied on Nationstar's misrepresentations.

62.   McAdams relied on the deadlines stated in the letters from Nationstar and the written statements including:

- "In the event information is missing and the application has not been received too close to a scheduled foreclosure sale to permit us to evaluate your application, we will provide you with a reasonable date within which the missing information must be provided to us."  *See* **Exhibit C**, at p. 3; *see also* **Exhibit E**

- "Prior to our receipt of missing/complete documents, a foreclosure process may be initiated or if the foreclosure has already been initiated, the foreclosure process will continue until all document are received unless state law provides otherwise." *See* **Exhibit C**, at p. 3.

- "We have provided a reasonable date for your client to return the completed Borrower Response Package to us." *See* **Exhibit E**, at p. 2 and **Exhibit G**, at p. 2.

63.   In reliance of Nationstar's representations, McAdams timely complied with Nationstar's requests and submitted each of the documents requested by Nationstar in the Borrower Response Package, yet Nationstar continued with the foreclosure process while her application was pending.

64. As discussed below, Nationstar's conduct wrongfully deprived McAdams of a meaningful opportunity to prevent the foreclosure of her home in violation of Cal. Civ. Code § 2923.6.

65. Upon information and belief, McAdams alleges that Nationstar's misconduct was not limited to her but instead reflects a pattern of willful disregard of California homeowners' rights and protections afforded to them under California's Homeowner Bill of Rights.

**b. California's Homeowner Bill of Rights Creates a Private Cause of Action for Violations of Cal. Civ. Code § 2923.6.**

66. On January 1, 2013, California Governor Edmund G. Brown Jr. signed into law the California Homeowner Bill of Rights, a set of laws intended to provide protections to California homeowners and borrowers during the mortgage and foreclosure process.

67. The Bill was California's response to the state's foreclosure crisis that began in 2007. The specific protections afforded to homeowners and borrowers under the Bill were in large part due to the investigations that led to the National Mortgage Settlement. [3]

68. The investigations that led to the National Mortgage Settlement "revealed extensive loan servicing misconduct by certain banks and servicers, including robosigning (where foreclosure documents were signed by people who had no knowledge about whether the information contained in the documents was correct), inaccurately notarized documents, improper foreclosure procedures, and

---

[3] Amy Loftsgordon, *California Foreclosure Protection: The Homeowner Bill of Rights*, NOLO, https://www.nolo.com/legal-encyclopedia/california-foreclosure-protection-the-new-homeowner-bill-rights.html#:~:text=The%20Homeowner%20Bill%20of%20Rights%20was%20part%20of,mortgage%20settlement%20between%2049%20states%20and%20individual%20banks (last accessed Dec. 27, 2020).

1  deceptive practices in the loan modification process (like telling borrowers that a loan

2  modification was imminent while simultaneously foreclosing)."[4]

3      69.    "As a result of these investigations, in February 2012, 49 state attorneys

4  general and the federal government reached a historic settlement with five of the

5  nation's largest banks.  The settlement held them accountable for the servicing

6  violations that contributed to the mortgage crisis."[5]

7      70.    "The Settlement required, among other things, that the banks . . .

8  maintain better communication with lenders . . . implement appropriate standards for

9  executing documents in foreclosure cases[, and] end dual tracking (where the bank

10  proceeds with a foreclosure while simultaneously working with the borrowers on a

11  loan modification)."[6]

12      71.    Because the terms of the National Mortgage Settlement applied only to

13  the five settling banks and their customers, California enacted HBOR to "extend[] the

14  reforms addressed in the national mortgage settlement to almost all mortgage lenders

15  and servicers that conduct foreclosures in the state."[7]

16      72.    HBOR's provisions are set forth in Cal. Civ. Code §§ 2920.5 *et seq.*

17      73.    HBOR's purpose is "to ensure that, as part of the nonjudicial foreclosure

18  process, borrowers are considered for, and have a meaningful opportunity to obtain,

19  available loss mitigation options, if any, offered or through the borrower's mortgage

20  services, such as loan modifications or other alternatives to foreclosure."  CAL. CIV.

21  CODE § 2923.4.

22

---

23  [4] Amy Loftsgordon, *National Mortgage Settlement: Who Benefited*, NOLO,

24  https://www.nolo.com/legal-encyclopedia/national-mortgage-settlement-can-you-benefit.html (last accessed Dec. 27, 2020).

25  [5] *Id.*

  [6] *Id.*

26  [7] Amy Loftsgordon, *California Foreclosure Protection: The Homeowner Bill of Rights*, NOLO, https://www.nolo.com/legal-encyclopedia/california-foreclosure-protection-the-new-homeowner-bill-

27  rights.html#:~:text=The%20Homeowner%20Bill%20of%20Rights%20was%20part%20of,mortgage%20settlement%20between%2049%20states%20and%20individual%2

28  0banks. (last accessed Dec. 27, 2020).

74.     HBOR created private causes of action for violations of specific HBOR provisions as provided under Cal. Civ. Code § 2924.12.

75.     Cal. Civ. Code § 2924.12(b) provides:

> After a trustee's deed upon sale has been recorded, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent shall be liable to a borrower for actual economic damages pursuant to Section 3281, resulting from a material violation of Section 2923.55, 2923.6, 2923.7, 2924.9, 2924.10, 2924.11, or 2924.17 by that mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent.

### c.  Nationstar's Foreclosure Practices Violate Cal. Civ. Code § 2923.6

76.     Nationstar's act of conducting a foreclosure sale of McAdams' home despite having received all of McAdams' loan modification documents nearly two weeks prior to the foreclosure sale violated Cal. Civ. Code § 2923.6's prohibition on dual tracking.

77.     Cal. Civ. Code § 2923.6 prohibits the deceptive and abusive foreclosure practices of dual tracking once a borrower has submitted a complete application for a first lien modification.  Cal. Civ. Code § 2923.6(c).

78.     "Dual tracking is an illegal process wherein a mortgage lender is requesting documents, and processing a submission for a loan modification – while also pushing the homeowner through the foreclosure process at the same time.  This practice has been used by mortgage companies for years, allowing them to trick the homeowner into thinking they will end up with lower monthly payments, but instead they are denied for a modification and left just weeks away from foreclosure with very few options left."[8]

79.     A "first lien" is the most senior mortgage or deed of trust on the property that is the subject of the notice of default or notice of sale.  Cal. Civ. Code § 2920.5.

---

[8] Lauren Rode, *Sue Mortgage Lender for Dual Tracking*, Consumer Action Law Group https://blog.consumeractionlawgroup.com/what-is-dual-tracking/ (last accessed Dec. 27, 2020).

80.    Cal. Civ. Code § 2923.6 states:

If a borrower submits a complete application for a first lien modification offered by, or through, the borrower's mortgage servicer at least five business days before a scheduled foreclosure sale, a mortgage servicer, mortgagee, trustee, beneficiary, or authorized agent <u>shall not record a notice of default or notice of sale, or conduct a trustee's sale, while the complete first lien loan modification application is pending</u>.

Cal. Civ. Code §2923.6(c) (emphasis added).

81.    A loan modification application is "complete" as used in subsection (c) when "a borrower has supplied the mortgage servicer with <u>all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer.</u>" Cal. Civ. Code § 2923.6(h) (emphasis added).

82.    A complete application for a first lien modification is considered "pending" until any of the following occurs:

(1)    The mortgage servicer makes a written determination that the borrower is not eligible for a first lien loan modification, and any appeal period pursuant to subdivision (d) has expired.

(2)    The borrower does not accept an offered first lien loan modification within 14 days of the offer.

(3)    The borrower accepts a written first lien loan modification, but defaults on, or otherwise breaches the borrower's obligations under, the first lien loan modification.

Cal. Civ. Code § 2923.6(c).

83.    By prohibiting a lender from recording a notice of default or notice of sale, or from conducting a trustee's sale, while a complete loan modification application is pending, Cal. Civ. Code § 2923.6 effectively prohibits the deceptive practice of dual tracking at this stage of the loan modification process.

84.    Cal. Civ. Code § 2923.6's prohibition on dual tracking supports HBOR's express purpose of granting borrowers a meaningful opportunity to prevent the foreclosure of their homes. *See* Cal. Civ. Code § 2923.4.

85.    Cal. Civ. Code § 2923.6 limits application of the protections against dual tracking when a borrower has already been evaluated or afforded a fair opportunity to

be evaluated for a first lien loan modification.  This is done "[i]n order to minimize the risk of borrowers submitting multiple applications for first lien loan modifications for the purpose of delay."  *See* Cal. Civ. Code § 2923.6(g).

86.     However, § 2923.6(g) also provides an exception to its limitation.  The prohibition on dual tracking still applies after a borrower has already been evaluated or afforded a fair opportunity to be evaluated for a first lien loan modification when "there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." *See id.*

87.     When Nationstar foreclosed on McAdams' home, McAdams had already entered into two prior loan modification agreements.

88.     When Nationstar agreed to modify McAdams' monthly payments the second time to $1,565.01 per month, Nationstar did so based on the income that Nationstar obtained and recorded from McAdams. *See* **Exhibit A**, at pp. 10 and 12.

89.     However, McAdams then lost her primary source of income as a professor at Central Texas College near the end of 2017.

90.     The loss of income was a material change of McAdams' financial circumstances that occurred after McAdams entered into a second loan modification.

91.     The loss of income was documented by McAdams and submitted to Nationstar via McAdams' letter explaining the cause of her hardship (i.e., decrease in monthly income) and submitted paystubs documenting the decrease in monthly income.  *See* **Exhibit D,** at pp. 2-3 (letter of hardship) and **Exhibit E**, at p. 2 (reflecting that 29 consecutive paystubs with employer name including year to date deductions and earnings were submitted to Nationstar); *see also Haynish v. Bank of America,* 284 F.Supp.3d 1037, 1047 (court declined to dismiss plaintiffs' claim under Cal. Civ. Code 2923.6(g) because plaintiffs alleged material change in financial circumstances when they alleged that they submitted paystubs documenting decrease in monthly income to lender) (citing *Greene v. Wells Fargo Bank, N.A.*, No. c-15-

00048-JSW, 2015 WL 2159460, at *3 (N.D. Cal. May 7, 2015) and *Dowling v. Bank of Am., N.A.*, No 114cv01041DADSAB, 2017 WL 3284675, at *5 (E.D. Cal. 2017)).

92.    Accordingly, Nationstar was prohibited from engaging in dual tracking as set forth under Cal. Civ. Code § 2923.6 when McAdams applied for a third loan modification.

93.    Yet, Nationstar failed to abide by the restrictions on dual tracking set forth under § 2923.6.

94.    McAdams submitted all of the documents requested by Nationstar within the timeframe specified on or around March 8, 2019.

95.    McAdams' loan modification application was therefore "complete" as defined under HBOR's dual-tracking provision.  *See* Cal. Civ. Code § 2923.6(h) ("an application shall be deemed 'complete' when a borrower has supplied the mortgage servicer with all documents required by the mortgage servicer within the reasonable timeframes specified by the mortgage servicer").

96.    McAdams' loan modification application was also pending at the time of the foreclosure sale because none of the requirements under Cal. Civ. Code §2923.6(c)(1)-(3) were satisfied.

97.    Specifically, Nationstar did not make a written determination that McAdams was not eligible for a first lien modification.  *See* Cal. Civ. Code § 2923.6(c)(1).    Additionally, Nationstar did not offer McAdams a first lien loan modification, and thus, McAdams neither accepted nor rejected such an offer. Accordingly, McAdams did not default, or otherwise breach her obligations under any first lien loan modification because no such modification was ever offered to her. *See* Cal. Civ. Code § 2923.6(c)(2)-(3).  Therefore, McAdams' complete first lien loan modification was still pending when the foreclosure sale occurred on March 22, 2019.

98.    Further, because Nationstar confirmed receipt of McAdams' paystub and Profit and Loss Statement in its March 8, 2019 letter, this shows that McAdams submitted a complete loan modification application more than five business days

prior to the scheduled March 22, 2019 foreclosure sale.  *See* CAL. CIV. CODE § 2923.6(c) (requiring that borrower submit complete loan modification application "at least five business days before a scheduled foreclosure sale); *see also* **Exhibit G**,at p. 2 (confirming receipt of Profit and Loss Statement and the single paystub).

99.   Despite the fact that McAdams' complete first lien loan modification was pending more than five business days prior to the foreclosure sale, Nationstar continued with the foreclosure process and sold McAdams' home at a trustee's sale on March 22, 2019.

100.   Nationstar insisted that McAdams resubmit her Profit and Loss Statement a second time, this time with a letter of explanation.

101.   Nationstar further misrepresented that: McAdams could resubmit her Profit and Loss Statement along with the letter of explanation by April 7, 2019 at which point the foreclosure process would be halted.  *See* **Exhibit C**, at p. 3 ("In the event information is missing and the application has not been received too close to a scheduled foreclosure sale to permit us to evaluate your application, we will provide you with a reasonable date within which the missing information must be provided to us . . . if the foreclosure has already been initiated, the foreclosure process will continue *until all documents are received unless state law provide otherwise*.") (emphasis added); *see also* **Exhibit G**, at pp. 2-3 ("We have provided a reasonable date for your client to return the completed Borrower Response Package to us . . . **What do I need to do?** Return your complete Borrower Response Package with all requested documentation/information to us by 4/7/2019.")

102.   Nationstar's repeated requests that McAdams resubmit her Profit and Loss Statement was Nationstar's attempt to give the end run around HBOR's protections against dual tracking.

103.   Accordingly, Nationstar violated Cal. Civ. Code 2923.6 when it foreclosed on McAdams' home on March 22, 2019 while McAdams' complete loan modification application was pending.

## VI.    CLASS ACTION ALLEGATIONS

104.   Plaintiff brings this action on behalf of herself and all others similarly situated (the "Class") pursuant to Cal. Civ. Proc. Code § 382 and Cal. Bus. & Prof. Code § 17203.

105.   While reserving the right to redefine or amend the class definition prior to seeking class certification, Plaintiff seeks to represent a Class hereby defined as follows:

> All persons whose California owner-occupied property had a first-lien mortgage held by Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") and were foreclosed on by Nationstar after having submitted a loan modification application, on or after October 1, 2017 and until notice is disseminated to the Class (the "Class Period"), excluding Defendant and Defendant's officers, directors, employees, agents, and affiliates, and the Court and its staff.

106.   <u>Numerosity</u>. The members in the proposed Class are so numerous that individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and the Court.  Plaintiff does not currently know the number of class members of the proposed Class but such information may be determined through Defendant's records.

107.   <u>Commonality</u>.  Questions of law and fact common to Plaintiff and the Class include:

a. Whether Defendant complied with the requirements set forth under the Cal. Civ. Code § 2923.6;

b. Whether Defendant has engaged in unfair, fraudulent, or unlawful business practices;

c. Whether Defendant's conduct constitutes a violation of California's Unfair Competition Law;

d. Whether Plaintiff and the Class are entitled to injunctive relief;

FIRST AMENDED CLASS ACTION COMPLAINT

e. Whether Plaintiff and the Class have sustained damages with respect to the claims asserted, and if so, the proper measure of damages;

f. Whether Plaintiff and the Class are entitled to actual damages, statutory damages, punitive damages, restitution, attorneys' fees and costs of suit, and

g. Whether Plaintiff and the Class are entitled to any such further relief as the Court deems appropriate.

108. The above listed common questions of law and fact predominate over questions that affect only individual Class Members.

109. <u>Typicality</u>. Plaintiff is a member of the Class. Her claims are typical of the claims of each Class Member in that every member of the Class had their home foreclosed on by Nationstar in violation of their rights under State law, including but not limited to the California Homeowner Bill of Rights. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

110. <u>Adequacy</u>. Plaintiff is an adequate class representative because Plaintiff's interests do not conflict with the interests of the Members of the Class she seeks to represent. Plaintiff's claims are common to all members of the Class, and Plaintiff has a strong interest in vindicating the rights of the absent Class Members. Plaintiff has retained counsel competent and experienced in complex class action litigation and they intend to vigorously prosecute this action.

111. <u>Ascertainability</u>. Class Members can easily be identified by the objective criteria set forth in the Class definition.

112. <u>Predominance</u>. The common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. Class issues fully predominate over any individual issue.

113. <u>Superiority</u>. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because: (a.) the joinder of all individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources; (b.) the individual claims of the Class

Members may be relatively modest compared with the expense of litigating the claim, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions; (c.) when Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases.

114.    Accordingly, this class action is properly brought and should be maintained as a class action because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

115.    This class action is also properly brought and should be maintained as a class action because Plaintiff seeks injunctive relief on behalf of the Class Members on grounds generally applicable to the entire injunctive Class.    Certification is appropriate because Defendant has acted or refused to act in a manner that applies generally to the injunctive Class (i.e., Defendant violated Class Members' rights under the California Homeowner Bill of Rights).    Any final injunctive relief or declaratory relief would benefit the entire injunctive Class as Defendant would be prevented from continuing its unlawful business practices and would be required to comply with the state law requirements.

## VII.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

**Violations of California's Homeowner Bill of Rights, Cal. Civ. Code § 2923.6.**

116.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

117.    Plaintiff brings this claim individually and on behalf of the Class.

118.    McAdams experienced a material change in her financial circumstances after entering into a second loan modification with Nationstar on or around December 8, 2016, namely McAdams' lost her primary source of income near the end of 2017.

119.    McAdams sent Nationstar a letter of hardship explaining her inability to pay her monthly mortgage payments due to a decrease in monthly income and sent paystubs documenting the decrease in monthly income on or around January 16, 2019.

120.    McAdams submitted a complete application for a first lien loan modification offered by, or through, her mortgage servicer, Defendant Nationstar, prior to March 8, 2019.    This was more than five days prior to the scheduled foreclosure sale of her home on March 22, 2019.

121.    When Nationstar conducted a trustee's sale of McAdams' home, McAdams' complete first lien loan modification application was still pending.

122.    Nationstar willfully and recklessly conducted the trustee's sale in spite of McAdams' pending and complete first lien loan modification application.

123.    Nationstar's act of conducting a trustee's sale while in receipt of McAdams' pending and complete application was a material violation of Cal. Civ. Code § 2923.6 because McAdams was not given a meaningful opportunity to prevent the foreclosure of her home.

124.    Cal. Civ. Code § 2924.12 creates a private cause of action for material violations of Cal. Civ. Code § 2923.6.

125.    Pursuant to Cal. Civ. Code § 2924.12(b) and (h), Plaintiff and Class Members seek the greater of treble actual damages or statutory damages of fifty thousand ($50,000) and attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### Intentional Misrepresentation, Cal. Civ. Code §§ 1709 *et seq.*

126.    Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

127.   Plaintiff brings this claim individually and on behalf of the Class against Defendant.

128.   Nationstar willfully, falsely, and knowingly misrepresented that it would halt the foreclosure process if Plaintiff and the Class Members submitted the documents requested by Nationstar within the timeframes specified by Nationstar.

129.   Nationstar willfully, falsely, and knowingly misrepresented that it would halt the foreclosure process if McAdams resubmitted the Profit and Loss Statement with the letter of explanation clarifying the information in the Profit and Loss Statement prior to April 7, 2019.

130.   Nationstar's misrepresentations were communicated to McAdams through the Borrower Response Package letter and the document request letters sent in connection with Borrower Response Package.

131.   At all relevant times, Nationstar knew that it had misrepresented that it would halt the foreclosure process after the requested documents from Plaintiff and Class Members because Nationstar foreclosed on their homes while Plaintiff and Class Members' complete loan modification applications were pending.

132.   At all relevant times, Nationstar knew that it had misrepresented that McAdams had until April 7, 2019 to submit the requested documents because Nationstar scheduled and conducted a trustee's sale on March 22, 2019.

133.   Nationstar willfully, falsely, and knowingly made the following misrepresentations through its Borrower Response Packages and document request letters sent to Plaintiff and the Class Members:

      a.   "In the event information is missing and the application has not been received too close to a scheduled foreclosure sale to permit us to evaluate your application, we will provide you with a reasonable date within which the missing information must be provided to us."

FIRST AMENDED CLASS ACTION COMPLAINT

b. "Prior to our receipt of the missing/complete documents, a foreclosure process may be initiated, the foreclosure process will continue until all documents are received unless state law provides otherwise."

c. "We have provided a reasonable date for your client to return the completed Borrower Response Package to us."

134.   Nationstar's misrepresentations were made with the intent that Plaintiff and the Class Members would rely upon them so that Nationstar could foreclose on their homes.

135.   Nationstar's misrepresentations were made with knowledge of falsity of such statement, or in reckless disregard of the truth thereof. In actual and reasonable reliance upon the misrepresentations, Plaintiff and the Class Members did not seek out other options to prevent the foreclosure of their homes.

136.   In actual and reasonable reliance upon the misrepresentations, Plaintiff did not resubmit her Profit and Loss Statement with the letter of explanation prior to March 22, 2019.

137.   As a result of Nationstar's misrepresentations, Plaintiff and the Class Members were unable to prevent the foreclosure of their homes.

## THIRD CAUSE OF ACTION

### Negligent Misrepresentation, Cal. Civ. Code §§ 1709 *et seq.*

138.   Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

139.   Plaintiff brings this claim individually and on behalf of the Class against Defendant.

140.   Nationstar represented that once the foreclosure process began, it would provide Plaintiff and Class Members with a reasonable date to submit all documents in order to halt the foreclosure process so long as the application was not received too close to a scheduled foreclosure sale.

141.   To communicate this representation and to convince Plaintiff and the Class Members that they need not seek out other options to prevent foreclosure, Nationstar supplied Plaintiff and the Class Members with information, namely the misrepresentations found in the Borrower Response Package and the document request letters in connection with their first lien loan modification application.

142.   The misrepresentations concerned material facts that influenced Plaintiff and the Class Members from pursuing other alternatives to prevent foreclosure.

143.   Defendant knowingly made the misrepresentations with the intent to induce Plaintiff and the Class Members to not pursue other alternatives to foreclosure so that Defendant could foreclose on their homes.

144.   At the time Defendant made the misrepresentations, Defendant knew or should have known that the misrepresentations were false or made the misrepresentations without knowledge of their truth or veracity.

145.   Plaintiff and the Class Members reasonably, justifiably, and detrimentally relied on the misrepresentations and, as a proximate result thereof, suffered the loss of their homes to foreclosure sales.

## FOURTH CAUSE OF ACTION

### Promissory Estoppel

146.   Plaintiff repeats the allegations contained in the foregoing paragraphs as if fully set forth herein.

147.   Plaintiff brings this claim individually and on behalf of the Class against Defendant.

148.   Nationstar's Borrower Response Package promises that if borrowers submit all documents requested by Nationstar by the "reasonable date" provided by Nationstar, Nationstar would then halt the foreclosure process.

149.   Nationstar's promise was clear and unambiguous.

150.   Based on Nationstar's promise, it was reasonable and foreseeable that borrowers applying for a loan modification to prevent the foreclosure of their homes

1  would not seek out other options to prevent foreclosure in reliance of Nationstar's

2  promise.

3      151.   Plaintiff and the Class Members did in fact rely on Nationstar's promise

4  and did not seek out other options to prevent foreclosure of their homes.

5      152.   Plaintiff and the Class Members' relied on Nationstar's promise to their

6  detriment because they did not have the opportunity to seek out other options prior to

7  the foreclosure of their homes.

8      153.   Accordingly, Plaintiff and the Class Members seek damages in an

9  amount to be determined at trial.

10                    **FIFTH CAUSE OF ACTION**

11   **Unfair Competition Law (UCL), Cal. Bus. & Prof. Code §§17200 *et seq.***

12                       <u>**Unlawful Prong**</u>

13     154.   Plaintiff repeats the allegations contained in the foregoing paragraphs as

14  if fully set forth herein.

15     155.   Plaintiff brings this claim individually and on behalf of the Class against

16  Defendant.

17     156.   The UCL prohibits any "unlawful, unfair or fraudulent business act or

18  practice." Cal. Bus. & Prof. Code § 17200.

19     157.   The acts, omissions, misrepresentations, and practices of Nationstar as

20  alleged herein constitutes business acts and practices.

21     158.   Nationstar's conduct violates the "unlawful" prong of the UCL because

22  the acts alleged herein violate the California Homeowner Bill of Rights, Cal. Civ.

23  Code § 2923.6.

24     159.   Nationstar's conduct is also unlawful because it constitutes intentional

25  and negligent misrepresentation.

26     160.   In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an

27  order enjoining Defendant from further illegal conduct.

28                       <u>**Unfair Prong**</u>

161.   Nationstar's conduct is "unfair" because it violated McAdams and Class Members' rights under Cal. Civ. Code § 2923.6.

162.   Nationstar's conduct is further "unfair" because by engaging in dual tracking in violation of Cal. Civ. Code § 2923.6, Nationstar robbed McAdams and Class Members of the opportunity to pursue alternatives to prevent foreclosure of their homes.

### Fraudulent Prong

163.   Nationstar's practice of dual tracking borrower's applications and making misrepresentations to borrowers is conduct that is likely to deceive a reasonable consumers and the public and therefore violates the fraudulent prong of the UCL.

164.   Despite complying with Nationstar's document requests and deadlines, McAdams and Class Members were unable to pursue alternative options to prevent foreclosure of their homes.

165.   As a result, Nationstar was able to sell McAdams and Class Members' homes at foreclosure sales in violation of HBOR.

166.   In accordance with Cal. Bus. & Prof. Code § 17203, Plaintiff seeks an order enjoining Defendant from further fraudulent acts and practices.

167.   Plaintiff further seeks an order for the restitution of all revenue received by Defendant from the foreclosure of properties, whose foreclosure was acquired through acts of unlawful, unfair, or fraudulent competition.

### VIII.    PRAYER FOR RELIEF

168.   Wherefore, Plaintiff, on behalf of herself and all others similarly situated, pray for judgment against Defendant as to each and every cause of action, and the following remedies:

a. An Order declaring this action to be a proper class action, appointing Plaintiff as class representative, and appointing their undersigned counsel as class counsel;

b.  An Order requiring Defendant to bear the costs of notice;

c.  An Order enjoining Defendant from engaging in the unfair, unlawful, and deceptive business practices complained of herein;

d.  An Order requiring Defendant to pay restitution to restore all funds acquired by means of any act or practice declared by this Court to be an unlawful, unfair, or fraudulent business act or practice;

e.  An award of all damages to be paid according to proof, including statutory damages, treble damages, and punitive damages where appropriate;

f.  An award of attorneys' fees and costs; and

g.  Any other and further relief that the Court deems necessary, just, or proper.

## IX.    **JURY DEMAND**

169.  Plaintiff hereby demands a trial by jury on all issues so triable.


DATED: January 14, 2021

*/s/ Ronald A. Marron*
Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON APLC**
Kas L. Gallucci
Mike Houchin
Elisa Pineda
651 Arroyo Drive
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: 9619) 564-6665

**LAW OFFICE OF CHARLES D. RICHMOND**
Charles D. Richmond
Solana Beach, California 92075
400 South Sierra Avenue. #100
Telephone: (858) 558-4600
Facsimile: (858) 755-0965
***Attorneys for Plaintiff and the Proposed Class***

# Exhibit A

Docket 12-5, Exhibit 3 filed in support of Defendant Nationstar's Motion to Dismiss Plaintiff Pia McAdams's Complaint

Fill in this information to identify the case:

Debtor 1      Pia McAdams

Debtor 2

United States Bankruptcy Court for the:   SOUTHERN DISTRICT OF CALIFORNIA
                                                              (State)

Case number    15-02621-CL13

## Official Form 410
# Proof of Claim                                                              04/16

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

| Part 1: | Identify the Claim |
|---------|--------------------|

**1. Who is the current creditor?**

Deutsche Bank National Trust Company, As Trustee For Harborview Mortgage Loan Trust 2004-8 Mortgage Loan Pass-Through Certificates, Series 2004-8
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has the claim been acquired from someone else?**

☐ No.
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Nationstar Mortgage LLC
Name

PO Box 619096
Number          Street
Dallas, TX 75261-9741
City             State           Zip Code

Contact Phone     877-343-5602
Contact email

Where should payments to the creditor be sent? (if different)

Nationstar Mortgage LLC
Attn: Payment Processing
Name

PO Box 619094
Number          Street
Dallas, TX 75261-9741
City             State           Zip Code

Contact Phone     877-343-5602
Contact email

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

— — — — — — — — — — — — — — — — — — — — — — — — —

**4. Does this claim amend one already filed?**

☐ No.
☒ Yes.  Claim number on court claims registry (if known)  6-2          Filed on  08/03/2016
                                                                                              MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☒ No.
☐ Yes.  Who made the earlier filing?

Official Form 410                                   Proof of Claim                                   Page 1

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No.

☒ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: 6951

**7. How much is the claim?**

$322,645.23. Does this amount include interest or other charges?

☐ No.

☒ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

Money Loaned

**9. Is all or part of the claim secured?**

☐ No.

☒ Yes. The claim is secured by a lien on property.

Nature of Property:

☒ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: 2121 Fiori Drive, Vista, CA 92084

Basis for perfection: Recorded Deed of Trust

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property: $

Amount of the claim that is secured: $322,645.23

Amount of the claim that is unsecured: $ _____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition: $0.00**

Annual Interest Rate (when case was filed) 3.1250%
☒ Fixed
☐ Variable

**10. Is this claim based on a lease?**

☒ No.

☐ Yes. Amount necessary to cure any default as of the date of the petition. $

**11. Is this claim subject to a right of setoff?**

☒ No.

☐ Yes. Identify the property:

---

| | | | | |
|---|---|---|---|---|
| 12. | Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☒ No. ☐ Yes. *Check one:* | | Amount entitled to priority |

<table>
<tr><td></td><td>☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).</td><td>$_____</td></tr>
<tr><td></td><td>☐ Up to $2,850* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).</td><td>$_____</td></tr>
<tr><td></td><td>☐ Wages, salaries, or commissions (up to $12,850*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).</td><td>$_____</td></tr>
<tr><td></td><td>☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8).</td><td>$_____</td></tr>
<tr><td></td><td>☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).</td><td>$_____</td></tr>
<tr><td></td><td>☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.</td><td>$_____</td></tr>
</table>

\* Amounts are subject to adjustment on 4/01/19 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:    Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

**If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.**

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☒ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   9/192017
MM / DD / YYYY

/s/ Jennifer C. Wong, Esq.
Signature

Print the name of the person who is completing and signing this claim:

Name        Jennifer C. Wong, Esq.
            First Name          Middle Name          Last Name

Title       Attorney for Creditor

Company     McCarthy & Holthus, LLP
            Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     1770 Fourth Avenue
            Number      Street

            San Diego, CA 92101
            City                       State       Zip Code

Contact Phone   877-369-6122          Email    bknotice@mccarthyholthus.com

---

# Mortgage Proof of Claim Attachment

**(12/15)**

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

| Part 1: Mortgage and Case Information | | Part 2: Total Debt Calculation | | Part 3: Arrearage as of Date of the Petition | | Part 4: Monthly Mortgage Payment | |
|---|---|---|---|---|---|---|---|
| Case number: | 15-02621-CL13 | Principal balance: | $322,645.23 | Principal & interest due: | $0.00 | Principal & interest: | $1178.38 |
| Debtor 1: | Pia McAdams | Deferred Principal Balance: | $0.00 | Prepetition fees due: | $0.00 | Monthly escrow: | $386.63 |
| Debtor 2: | | Interest due: | $0.00 | Escrow deficiency for funds advanced: | $0.00 | Private mortgage Insurance: | $0.00 |
| Last 4 digits to identify: | 6951 | Fees, costs due: | $0.00 | Projected escrow shortage: | $0.00 | Total monthly Payment: | $1,565.01 |
| Creditor: | Deutsche Bank National Trust Company, As Trustee For Harborview Mortgage Loan Trust 2004-8 Mortgage Loan Pass-Through Certificates, Series 2004-8 | Escrow deficiency for funds advanced: | $0.00 | Less funds on hand: | — $0.00 | | |
| | | Less total funds on hand: | — $0.00 | Total prepetition arrearage: | $0.00** | | |
| Servicer: | Nationstar Mortgage LLC | Total debt: | $322,645.23 | | | | |
| Fixed accrual/daily simple interest/other: | Fixed Accrual | | | | | | |

## Part 5: Loan Payment History from First Date of Default

| | | Account Activity | | | | | | How Funds Were Applied/Amount Incurred | | | | | Balance After Amount Received or Incurred | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| A. Date | B. Contractual Payment amount | C. Funds Received | D. Amount Incurred | E. Description | F. Contractual due date | G. Prin, int & esc past due balance | | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued Interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied Funds balance |
| | | | | | | | | | | | | | | | | | |

Post-Petition Payment Amount: $1,565.01 effective 11/1/2016  (Payment reflects principal, interest and escrow as per the loan modification, this will change due to escrow)

*** The previous POC filed in this case listed pre-petition arrears in the amount of $25,526.80.  Payments received from the Chapter 13 Trustee in the total amount of $0.00 were credited towards that arrearage, and the remaining arrears have been incorporated into the final loan modification.

Attached is a copy of the promissory note.

IF LEGAL FEES AND COSTS ARE INCURRED AFTER THIS PROOF OF CLAIM IS FILED, YOUR ACCOUNT MAY BE ASSESSED THOSE FEES AND COSTS IF LEGALLY PERMISSIBLE.  IF SUCH FEES AND COSTS ARE NOT PAID AS PART OF THIS CASE, THEY MAY BE COLLECTED IN THE FUTURE PURSUANT TO THE TERMS OF YOUR SECURITY INSTRUMENT, THE BANKRUPTCY CODE, AND OTHER APPLICABLE LAW.

STANDING NOTICE

# Mortgage Proof of Claim Attachment: **Additional Page**

(12/15)

| Case number: | 15-02621-CL13 |
| --- | --- |
| Debtor 1: | Pia McAdams |

Nationstar Mortgage services the loan on the property referenced in this proof of claim. In the event the automatic stay in this case is modified, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of Deutsche Bank National Trust Company, As Trustee For Harborview Mortgage Loan Trust 2004-8 Mortgage Loan Pass-Through Certificates, Series 2004-8, "Noteholder".

Noteholder directly or through an agent, has possession of the promissory note. The promissory note is either made payable to Noteholder or has been duly endorsed. Noteholder is the original mortgagee or beneficiary or the assignee of the security instrument for the referenced loan.

## CERTIFICATE OF SERVICE

On 10/6/2017, I served the foregoing **AMENDED PROOF OF CLAIM** on the following individuals by electronic means through the Court's ECF program

**TRUSTEE**
Thomas H. Billingslea
billingslea@thb.coxatwork.com

**DEBTOR(S) COUNSEL**
William F. McDonald, III
william@mcdonaldlawsd.com

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

/s/ Adrian Lupes
Adrian Lupes

On 10/6/2017, I served the foregoing **AMENDED PROOF OF CLAIM** on the following individuals by depositing true copies thereof in the United States mail at San Diego, California, enclosed in a sealed envelope, with postage paid, addressed as follows:

**DEBTOR**
Pia McAdams, 2121 Fiori Drive, Vista, CA 92084

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.**

Dated: 10/6/2017

/s/ Christian Aguilar
Christian Aguilar

M&H File No. CA-16-132831

**Recording Requested By:**
**Nationstar Mortgage LLC**

**After Recording Return To:**
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**This Document Prepared By:**
_Aura Habibija_
**NATIONSTAR MORTGAGE LLC**
**8950 CYPRESS WATERS BLVD**
**COPPELL, TX 75019**

**Parcel ID Number:**

_____ [Space Above This Line For Recording Data] _____
Original Loan Amount: **$346,500.00**                                    Loan No. ████████

# MODIFICATION OF DEED OF TRUST

Borrower ("I"): **PIA MCADAMS**. Dated this _____ day of _____, _____. If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.
Lender or Servicer ("Lender"): **Nationstar Mortgage LLC, whose address is 8950 CYPRESS WATERS BLVD, COPPELL, TX 75019**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"):
_____, _____ and recorded in Book/Liber **N/A**, Page **N/A**, Instrument No: **N/A**, of the Official Records of County, **CA**.
Property Address ("Property"): **2121 FIORI DRIVE**
                                **VISTA, CA 92084**
**Legal Description:**

If my representations and covenants in Section 1 continue to be true in all material respects, then this Modification of Deed of Trust and Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.
I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.       **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:
         A. I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan

MODIFICATION OF DEED OF TRUST – Non-GSE.
8306 11/15                                                    3/09  (rev. 10/10) (page 1 of 6 pages)

Exhibit A, Page 8 of 19

Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future. However, I believe that I can presently afford to make the modified mortgage payments shown below.

B.  (i) The Property has not been condemned; (ii) one of the borrowers signing this Agreement lives in the Property as a principal residence, or the Property is a rental property; and (iii) if the Property is a rental property, the certifications I have made concerning my intended use of the Property and the number of single-family properties that I own continue to be true and correct on the date hereof;

C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

D.  I have provided to Lender a Streamline HAMP Affidavit or a Request for Mortgage Assistance which attests to my qualification for the Home Affordable Modification Program ("Program").

E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct;

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.  I have made or will make all payments required under a trial period plan.

H.  In the event that I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the loan documents and did not reaffirm the mortgage debt under applicable law, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

I.  Our records indicate that you are the Debtor in an active bankruptcy proceeding. Please be advised that Court and/or Bankruptcy Trustee approval of this loan modification agreement may be required depending upon jurisdictional requirements. If approval of the loan modification is required, Nationstar will not honor the loan modification agreement until evidence of the required approval is provided.

2.  **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.  I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **November 1, 2016** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification

MODIFICATION OF DEED OF TRUST – Non-GSE.
8306 11/15

Case 15-02621-5b13   Claim 6-3   Filed 10/06/17   Desc Main Document   Pg 40 of 49
Case 3:20-cv-02262-L-BLM   Document 12-3   Filed 12/10/21   PageID.259   Page 38 of 49

86

will not take effect.  The first modified payment will be due on **November 1, 2016**.

A.  The Maturity Date will be: **October 1, 2056**.

B.  The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$322,645.23** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.  Interest at the rate of **3.125%** will begin to accrue on the New Principal Balance as of **October 1, 2016** and the first new monthly payment on the New Principal Balance will be due on **November 1, 2016**. My payment schedule for the modified Loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Prin & Int Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|-------|---------------|---------------------------|-----------------------------------|-------------------------------|----------------------|-------------------|----------------------------|
| 1-40 | 3.125% | October 01, 2016 | $1,178.38 | $386.63 May adjust periodically | $1,565.01 May adjust periodically | November 01, 2016 | 480 |

\*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan. My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.  If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

F.  I agree to pay in full the Deferred Principal Balance and any other amounts still owed under the Loan Documents by the earliest of: (i) the date I sell or transfer an interest in the Property, (ii) the date I pay the entire Interest Bearing Principal Balance, or (iii) the Maturity Date.

4.  **Additional Agreements**.  I (the borrower) agree to the following:

MODIFICATION OF DEED OF TRUST – Non-GSE.
8308 11/15

3/09 (rev. 10/10) (page 3 of 6 pages)

A. That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B. That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E. That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H. That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I. That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J. That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of

MODIFICATION OF DEED OF TRUST – Non-GSE.
8306 11/15

3/09 (rev. 10/10) (page 4 of 6 pages)

this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K. That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective documentation, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L. Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has a mailing address of P.O. Box 2026, Flint, MI 48501-2026, a street address of 1901 E Voorhees Street, Suite C, Danville, IL 61834, and telephone number of (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M. That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N. That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O. That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a result of the New Principal Balance.

P. In the event of any action(s) arising out of or relating to this Agreement or in connection with any foreclosure action(s) dismissed as a result of entering into this Agreement, if permitted by applicable law, I will remain liable for and bear my own attorney fees and costs incurred in

MODIFICATION OF DEED OF TRUST – Non-GSE.
8306 11/15

3/09 (rev. 10/10) (page 5 of 6 pages)

connection with any such action(s).

In Witness Whereof, the Lender and I have executed this Agreement.

Date: 12/8/16

**PIA MCADAMS**  -Borrower

**Nationstar Mortgage LLC**

By: _____

Name: _____

Title: **Assistant Secretary**

12/21/16

(Seal) - Lender

Date of Lender's Signature

**MODIFICATION OF DEED OF TRUST – Non-GSE.**
8306 11/15

3/09  (rev. 10/10) *(page 6 of 6 pages)*

Loan No.: ▮▮▮▮▮▮
Borrower: PIA MCADAMS

## AGREEMENT TO MAINTAIN ESCROW ACCOUNT

WHEREAS, PIA MCADAMS ("Borrower") desires Nationstar Mortgage LLC ("Lender") to collect payments from Borrower to be held by Lender for the payment of certain sums due in connection with Borrower's Note and Security Instrument, dated _____, _____, (hereinafter referred to as "Note" and "Security Instrument" respectively) currently held by Lender;

NOW THEREFORE, in consideration of the foregoing and the mutual covenants contained in this Agreement ("Agreement"), Borrower agrees to pay Lender, on the day Periodic Payments are due under the Note, until the Note is paid in full, or the Escrow Account is otherwise terminated pursuant to this Agreement or in accordance with applicable law, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over the Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under the Security Instrument; and (d) Mortgage Insurance Premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums. These items are called "Escrow Items." In the event that Borrower receives bills, assessments, invoices, or other requests for payment of Escrow Items, Borrower shall promptly furnish to Lender all such notices.

Borrower shall pay Lender the Funds for Escrow Items unless this Agreement is terminated either by Lender, or pursuant to applicable law. In the event of termination, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. In the event Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may pay such amount in accordance with the terms of the Note and Security Instrument and Borrower shall then be obligated to repay Lender any such amount. Additionally, if Borrower is obligated to pay Escrow Items directly, and Borrower fails to pay the amount due for an Escrow Item, Lender may, in accordance with applicable law, require Borrower to maintain an Escrow Account.

Borrower agrees to make an initial payment of Funds to establish the escrow account, which amount shall be based on an estimate of the amount and date of expenditures for future Escrow Items, or otherwise in accordance with the Real Estate Settlement Procedures Act ("RESPA"). The estimate of expenditures of future Escrow Items shall be made based on current data available to Lender. Borrower acknowledges that the actual payments of Escrow Items may vary from the estimated amounts.

Lender will collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time period specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Unless agreed to in writing or applicable law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA. If there is a deficiency

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12

(Page 1 of 2)

Exhibit A, Page 14 of 19

Loan No.: [redacted]
Borrower: PIA MCADAMS

of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument or termination of this Agreement, Lender shall promptly refund to Borrower any Funds held by Lender.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Agreement to Maintain Escrow Account.

PIA MCADAMS   -Borrower                                    Date: 12/8/16

AGREEMENT TO ESTABLISH ESCROW ACCOUNT 11/12                                    (Page 2 of 2)

# TRUTH-IN-LENDING DISCLOSURE (REAL ESTATE)

Words, numbers or phrases preceded by a ☐ are applicable only if the ☐ is marked.

☐ Preliminary ☒ Final

**LENDER (Creditor)**
NATIONSTAR MORTGAGE LLC

8950 CYPRESS WATER BLVD
COPPELL TX 75019

Borrower(s) Name(s): **PIA MCADAMS**

Address: **2121 FIORI DR**
**VIS, CA 92084**
Property Address: **2121 FIORI DRIVE**
**VISTA, CA 92084**

Date: **October 1st, 2016**
Loan No.: ▮▮▮▮▮▮
Loan Type: **Other Fixed**

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| **3.125 %** | $ **242,979.03** | $ **322,645.23** | $ **565,624.26** |

## INTEREST RATE AND PAYMENT SUMMARY

| | Rate & Monthly Payment |
|---|---|
| Interest Rate | 3.1250% |
| Principal + Interest Payment | 1,178.38 |
| Est. Taxes + Insurance (Escrow) | 386.63 |
| Total Est. Monthly Payment | 1,565.01 |

There is no guarantee that you will be able to refinance to lower your rate and payments.

**VARIABLE RATE:** ☐ This transaction is subject to a variable rate feature. Variable Rate disclosures have been provided at an earlier time.

**PAYABLE ON DEMAND:** ☐ This obligation is payable on demand. ☐ The disclosures are based on an assumed maturity for one year.

**SECURITY:** You are giving a security interest in the following items, which are checked below:

☒ The property located at: **2121 FIORI DRIVE, VISTA, CA 92084**

☐ Other:

**LATE CHARGE:** If you are more than **16** days late in making any payment, you will pay a late charge of: **5.000 %** of the overdue payment.

**INSURANCE:** The following insurance is required to obtain credit:

☐ Property Insurance   ☐ Windstorm Insurance
☐ Flood Insurance   ☐ Other _____ (Specify)

You may obtain any required insurance from anyone who is acceptable to the Lender.

**FILING/RECORDING FEE:** ☐ $ **0.00**

**PREPAYMENT:** If you payoff early, you

☐ may ☒ will not    have to pay a penalty.

☐ may ☒ will not    be entitled to a refund of part of the finance charge.

**ASSUMPTION:** Someone buying your dwelling,

☒ cannot assume the remainder of the mortgage on the original terms.

☐ may, subject to conditions, be allowed to assume the remainder of the mortgage on the original terms.

See your contract documents for any additional information about nonpayment, default, any required repayment in full before the scheduled date, prepayment refunds and penalties and creditor's policy regarding assumption of the obligation.

You are not required to complete this agreement merely because you have received these disclosures or signed a loan application.

☐ Please refer to the "Good Faith Estimate" for an Itemization of Amount Financed.    "e" means estimate.

☒ Please refer to the Itemization of Amount Financed Statement.

**Borrower PIA MCADAMS**          **Date**

**BORROWER(S) MUST DATE**

1/11
www.ProClose.com



## Making Home Affordable Program
## Streamline HAMP Affidavit

*Each borrower and co-borrower is required to sign this Affidavit as a condition of receiving a streamline mortgage modification under the Home Affordable Modification Program (HAMP). Each reference to "I" or other similar words means each borrower and co-borrower signing above. When you sign and date this Affidavit, you will be certifying, under penalty of perjury, that all of the statements, representations and certifications made herein are true and correct.*

| LOAN ID NUMBER | PROPERTY ADDRESS | MORTGAGE SERVICER |
|---|---|---|
| ▮▮▮ | 2121 FIORI DRIVE<br>VISTA, CA 92084 | Nationstar Mortgage LLC |

### HARDSHIP AFFIDAVIT

I understand that having a financial hardship is a condition to receiving a mortgage modification under HAMP. I hereby certify that I am experiencing a financial hardship, and as a result, I do not have sufficient income or access to sufficient liquid assets to make the contractual monthly mortgage payments now or in the near future. Examples of financial hardships include, but are not limited to, reduced household income, increased household expenses, unemployment, excessive debt payments, and insufficient cash reserves.

### DODD-FRANK CERTIFICATION

The following information is requested by the federal government in accordance with the Dodd-Frank Wall Street Reform and Consumer Protection Act (Pub. L. 111-203). **You are required to furnish this information.** The law provides that no person shall be eligible to begin receiving assistance from the Making Home Affordable Program (MHA), authorized under the Emergency Economic Stabilization Act of 2008 (12 U.S.C. 5201 et seq.), or any other mortgage assistance program authorized or funded by that Act, if such person, in connection with a mortgage or real estate transaction, has been convicted, within the last 10 years, of any one of the following: (A) felony larceny, theft, fraud, or forgery, (B) money laundering or (C) tax evasion.

I certify under penalty of perjury that I have not been convicted within the last 10 years of any one of the following in connection with a mortgage or real estate transaction: (a) felony larceny, theft, fraud, or forgery, (b) money laundering or (c) tax evasion.

I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may investigate the accuracy of my statements by performing routine background checks, including automated searches of federal, state and county databases, to confirm that I have not been convicted of such crimes. I also understand that knowingly submitting false information may violate Federal law. This certification is effective on the earlier of the date listed below or the date this Affidavit is received by my servicer.

### RENTAL PROPERTY CERTIFICATION

I understand that I am only eligible for a mortgage modification under HAMP if the property described above is my principal residence OR a rental property. If the property described above is a rental property and **not my principal residence, I hereby make the following certications:**

(a) I intend to rent the property to a tenant or tenants for at least five years following the effective date of my mortgage modification. I understand that the servicer, the U.S. Department of the Treasury, or their respective agents may ask me to provide evidence of my intention to rent the property during such time. I further understand that such evidence must show that I used reasonable efforts to rent the property to a tenant or tenants on a year-round basis, if the property is or becomes vacant during such five-year period. The term "reasonable efforts" includes, without limitation, advertising the property for rent in local newspapers, websites or other commonly used forms of written or electronic media, and/or engaging a real estate or other professional to assist in renting the property, in either case, at or below market rent.

(b) The property is not my secondary residence and I do not intend to use the property as a secondary residence for at least five years following the effective date of my mortgage modification. I understand that if I do use the property as a secondary residence during such five-year period, my use of the property may be considered to be inconsistent with the certifications I have made herein. The term "secondary residence" includes, without limitation, a second home, vacation home or other type of residence that I personally use or occupy on a part-time, seasonal or other basis.

(c) I do not own more than five (5) single-family homes (i.e., one-to-four unit properties) excluding my principal residence.

**Notwithstanding the foregoing certifications, I may at any time sell the property, occupy it as my principal residence, or permit my legal dependent, parent or grandparent to occupy it as their principal residence with no rent charged or collected, none of which will be considered to be inconsistent with the certifications made herein.**



Exhibit A, Page 17 of 19

## OTHER HAMP MODIFICATIONS

I have notified my mortgage servicer of any trial period plan or permanent mortgage modification that I previously received under HAMP for any other property I own or have owned in the past, individually or jointly with other borrowers. I understand that my mortgage servicer needs this information to determine my eligibility for HAMP.

## INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. **You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it.** If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if your lender or servicer interviewed you in person. If you do not wish to furnish the information, please check the box below.

| BORROWER | I do not wish to furnish this information | CO-BORROWER | I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | Hispanic or Latino | Ethnicity: | Hispanic or Latino |
| | Not Hispanic or Latino | | Not Hispanic or Latino |
| Race: | American Indian or Alaska Native | Race: | American Indian or Alaska Native |
| | Asian | | Asian |
| | Black or African American | | Black or African American |
| | Native Hawaiian or Other Pacific Islander | | Native Hawaiian or Other Pacific Islander |
| | White | | White |
| Sex: | Female | Sex: | Female |
| | Male | | Male |

| To be completed by interviewer | | Name/Address of Interviewer's Employer |
|---|---|---|
| This request was taken by:<br>Face-to-face interview<br>Mail<br>Telephone<br>Internet | Interviewer's Name (print or type) & ID Number | |
| | Interviewer's Signature          Date | |
| | Interviewer's Phone Number (include area code) | |

## NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy of your property, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to my Servicer in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), or www.sigtarp.gov and provide them with your name, our name as your servicer, your property address, loan number and the reason for escalation.
**Beware of Foreclosure Rescue Scams. Help is FREE!**

- There is never a fee to get assistance or information about the Making Home Affordable Program from your lender or a HUD-approved housing counselor.
- Beware of any person or organization that asks you to pay a fee in exchange for housing counseling services or modification of a delinquent loan.
- Beware of anyone who says they can "save" your home if you sign or transfer over the deed to your house. Do not sign over the deed to your property to any organization or individual unless you are working directly with your mortgage company to forgive your debt.
- Never make your mortgage payments to anyone other than your mortgage company without their approval.

Exhibit A, Page 18 of 19

## ACKNOWLEDGEMENT AND AGREEMENT

1. I understand that the Servicer, the U.S. Department of the Treasury, the owner or guarantor of my mortgage loan, or their respective agents may investigate the accuracy of my statements, may require me to provide additional supporting documentation and that knowingly submitting false information may violate Federal or other applicable law.

2. I authorize and give permission to the Servicer, the U.S. Department of the Treasury, and their respective agents, to assemble and use a current consumer report on all borrowers obligated on the loan, to investigate each borrower's eligibility for HAMP and the accuracy of my statements and any documentation that I provide in connection therewith. I understand that these consumer reports may include, without limitation, a credit report, and be assembled and used at any point to assess each borrower's eligibility thereafter.

3. I understand that if I have intentionally defaulted on my existing mortgage, engaged in fraud or if it is determined that any of my statements or any information contained in the documentation that I provide are materially false and that I was ineligible for HAMP, the Servicer, the U.S. Department of the Treasury, or their respective agents may terminate my participation in HAMP, including any right to future benefits and incentives that otherwise would have been available thereunder, and also may seek other remedies available at law and in equity, such as recouping any benefits or incentives previously received.

4. I certify that the property located at the address set forth above is a habitable residential property that is not subject to a condemnation notice.

5. I certify that I am willing to provide all requested documents and to respond to all Servicer communications in a timely manner. I understand that time is of the essence.

6. I understand that the Servicer will use the information I provide to evaluate my eligibility for HAMP, but the Servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with HAMP.

7. If I am eligible for HAMP, and I accept and agree to all terms of a related trial period notice, plan, or agreement, I also agree that the terms of this Acknowledgement and Agreement are incorporated into such notice, plan, or agreement by reference as if set forth therein in full. My first timely payment following my servicer's notification of my eligibility for HAMP has served or will serve as my acceptance of the terms set forth in the notice, plan, or agreement sent to me.

8. I understand that my Servicer will collect and record personal information that I submit in this Affidavit or through other means, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about my account balances and activity. I understand and consent to the Servicer's disclosure of my personal information and the terms of any HAMP notice, plan or agreement to the U.S. Department of the Treasury and its agents, Fannie Mae and Freddie Mac in connection with their responsibilities under HAMP, companies that perform support services in conjunction with HAMP, any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) and to any HUD-certified housing counselor.

9. I consent to being contacted concerning my mortgage modification at any e-mail address or cellular or mobile telephone number I have provided to the Servicer. This includes text messages and telephone calls to my cellular or mobile telephone.

**The undersigned certifies under penalty of perjury that all statements in this document are true and correct.**

| Borrower Signature | Social Security Number | Date of Birth | Date |
|---|---|---|---|
| | | | 12/8/16 |

| Co - Borrower Signature | Social Security Number | Date of Birth | Date |
|---|---|---|---|
| | | | |

## HOMEOWNER'S HOPE HOTLINE

If you have questions about this document or the Making Home Affordable Program, please call your servicer.

If you have questions about the program that your servicer cannot answer or need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers free HUD-certified counseling services in a variety of languages.


888-995-HOPE™
Homeowner's HOPE Hotline

# Exhibit B

Notice of Default,
dated November 21,
2018

RECORDING REQUESTED BY:
**Title 365**
**5000 Birch Street**
**Suite 300**
**Newport Beach, CA 92660**

WHEN RECORDED MAIL TO:
**Affinia Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**

DOC# 2018-0483783

Nov 21, 2018  08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $101.00   (SB2 Atkins: $75.00)

PAGES: 4

SPACE ABOVE THIS LINE FOR RECORDER'S USE

APN: 184-302-53-00 TS No.: 9948-4968    TSG ORDER No.:DS7300-18003621

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST
### IMPORTANT NOTICE
NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

### 違約通知
注：本文件包含一个信息摘要

### 채무 불이행 통지서
참고사항: 본 첨부 문서에 정보 요약서가 있습니다

### AVISO DE INCUMPLIMIENTO
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO

### PABATID NG HINDI PAGKAKABAYAD
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP

### THÔNG BÁO VỀ VIỆC QUÁ HẠN TRẢ NỢ
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

**(The above statement is made pursuant to CA Civil Code Section 2923.3(c)(1). The Summary will be provided to Trustor(s) and/or vested owner(s) only, pursuant to CA Civil Code Section 2923.3(c)(2).)**

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **$8,408.35** as of **11/19/2018**, and will increase until your account becomes current.While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and Deed of Trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the

note and Deed of Trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Nationstar Mortgage LLC d/b/a Mr. Cooper**
**c/o Affinia Default Services, LLC**
**301 E. Ocean Blvd. Suite 1720**
**Long Beach, CA 90802**
**Attn: Foreclosure Dept.**
**Phone: 833-290-7452**
**Fax: 562-983-5379**

**If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.**

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That Affinia Default Services, LLC is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 08/19/2004, executed by PIA R MCADAMS, AN UNMARRIED WOMAN, as Trustor(s), to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR AMERICA'S WHOLESALE LENDER, ITS SUCCESSORS AND ASSIGNS, as beneficiary, recorded on 08/27/2004 as Document No.: 2004-0821052, AS MORE FULLY MODIFIED IN SUCH AGREEMENT RECORDED ON 05/09/2011. AS INSTRUMENT NO. 2011-0239462.
, of Official Records in the Office of the Recorder of San Diego County, California describing land therein as: As more fully described on said Deed of Trust.

Included among these obligations is one Note(s) for the original sum of **$308,000.00** that that beneficial interest under such Deed of Trust and the obligations secured thereby presently held by the beneficiary or its agent; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:
**Installment of Principal and Interest which became due on 07/01/2018, plus impounds and/or advances together with late charges, and all subsequent installments of principal, interest, plus impounds and/or advances and late charges and any reoccurring obligation that become due, including trustee's fees and expenses.**

That by reason therefore, the present beneficiary under such Deed of Trust has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

**NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS WAIVER OF ANY OTHER FEES OWING TO THE BENEFICIARY, OR OTHER DEFAULT BY THE TRUSTOR, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.**

**The beneficiary, mortgage servicer, or agent of beneficiary or mortgage servicer declares that it has complied with California Civil Code Section 2923.5. and/or 2923.55, wherever applicable. The Declaration is attached.**

**Dated: November 19, 2018**

Affinia Default Services, LLC, as Trustee for the Beneficiary

By: _____

Gillian Spring, Foreclosure Associate

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of the debt referenced herein in a bankruptcy proceeding, this is not an attempt to impose personal liability upon you for payment of that debt. In the event you have received a bankruptcy discharge, any action to enforce the debt will be taken against the property only.

Exhibit B Page 4 of 5

## CALIFORNIA DECLARATION OF COMPLIANCE
### (CAL. CIV. CODE § 2923.5)

Borrower(s):              Pia R. McAdams
Property Address:    2121 Fiori Drive, Vista CA  92084
Trustee's Sale No.:

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares as follows:

1. [ X ] The mortgage servicer has contacted the borrower to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure as required by California Civil Code § 2923.5(a)(2). Thirty days have passed since the initial contact was made.

2. [  ] The mortgage servicer has tried with due diligence to contact the borrower as required by California Civil Code § 2923.5(e) but has not made contact despite such due diligence. Thirty days have passed since these due diligence efforts were satisfied.

3. [  ] No contact was required because the individual did not meet the definition of "borrower" under California Civil Code § 2920.5(c).

4. [  ] The requirements of California Civil Code § 2923.5 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code § 2924.15.

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Nationstar Mortgage LLC DBA Mr. Cooper

Dated: _10/16/2018_____          _____ 10/16/18
                                                                     Signature of Agent or Employee

                                                                     Jennifer Talbot-Document Execution Associate
                                                                     Printed Name of Agent or Employee

Exhibit B Page 5 of 5

# Exhibit C

Defendant Nationstar's Borrower Response Package sent to Plaintiff Pia McAdams, dated December 22, 2018

Exhibit C Page 1 of 13

12/22/2018

**mr.**
# cooper
8950 Cypress Waters Blvd.
Coppell, TX 75019

CHANGING THE FACE OF HOME LOANS

**OUR INFO**
ONLINE
**www.mrcooper.com**

**YOUR INFO**
LOAN NUMBER

**PROPERTY ADDRESS**
**2121 FIORI DRIVE**
**VISTA, CA 92084**

PIA R MCADAMS
2121 FIORI DR
VISTA, CA 92084

Dear PIA R MCADAMS,

Please find enclosed the following documents that must be completed in full and returned to Mr. Cooper in order to be evaluated for loss mitigation options. Please return the attached documents to us by 01/21/2019.

**I. Uniform Borrower Assistance Form (UBAF)**
This form incorporates all necessary information required for us to evaluate you for assistance. The form must be signed, dated and returned. The following are the sections to be completed:

- Borrower and Co-Borrower Information
- Hardship Affidavit – this section explains the circumstances that have or will make it difficult for you to stay up-to-date with your mortgage payments. There are no notary requirements and you need not be currently delinquent on your loan.
- Household Income and Expenses

**II. IRS 4506-T Request for Transcript of Tax Return Form (Only Submit if Required as described below).**
This form allows us to order a transcript of your most recent tax return for income verification purposes if you are unable to provide a signed copy of the return. The form must be signed, dated, and returned to us only in the following circumstances:

- We have requested the form from you to reconcile any inconsistencies with other information you have provided to us;
- You are self-employed or file tax returns on a fiscal year basis (i.e. Tax year begins in one calendar year and ends in the following year) or have other income that is required to be documented by your most recent federal income tax return, complete with all schedules and forms. (IRS 4506-T required under these circumstances)
- If the investor requests the information.

**Send Us the Information We Need to Help You**
Requesting help is the first step. Start by providing information and documentation to help us understand the challenges you are facing. To do this, follow the detailed instructions on the attached Homeowner Checklist to complete and submit your Borrower Response Package to us.

Once we have received and evaluated your information, we will contact you regarding your options and next steps.

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes and is not an attempt to collect a debt from you personally.

Exhibit C Page 2 of 13

**Important Facts:**

- There are no fees associated with any foreclosure prevention options that could be available to you. However, you are responsible for any fees and costs that are present on your account as a result of any delinquency on the loan.
- We must receive a complete Borrower Response Package in order for us to begin the evaluation process.
- Once we receive your application, we will provide you with an acknowledgement to let you know whether your application is complete or whether documentation or information is missing. In the event information is missing and the application has not been received too close to a scheduled foreclosure sale to permit us to evaluate your application, we will provide you with a reasonable date within which the missing information must be provided to us.
- Prior to our receipt of the missing/complete documents, a foreclosure process may be initiated or if the foreclosure has already been initiated, the foreclosure process will continue until all documents are received unless state law provides otherwise.

**Learn More and Act Now**

For more information, please see the Frequently Asked Questions and other information provided with this letter.

If you need assistance, your Dedicated Loan Specialist is Justin Harmel and can be reached at (866)-316-2432 or via mail at the address listed above. Our hours of operation are Monday through Thursday 7 am to 8 pm (CT), Friday 7 am to 7 pm (CT) and Saturday 8 am to 12 pm (CT). Visit us on the web at www.mrcooper.com for more information.

**Remember, you must complete and return the entire Borrower Response Package by 01/21/2019. The sooner you provide the information to us, the better!**

Sincerely,

Mr. Cooper

Exhibit C Page 3 of 13

**mr cooper**
CHANGING THE FACE OF HOME LOANS

## Homeowner Checklist

**GET STARTED** – use this checklist to ensure you have completed all required forms and have the right information.

| Step 1 | ■ **Review the information provided** to help you understand your options, responsibilities, and next steps: |
|--------|---|
| | ■ Information On Avoiding Foreclosure ■ Frequently Asked Questions ■ Beware of Foreclosure Rescue Scams |
| Step 2 | ■ **Complete and sign the enclosed Borrower Assistance Form. Must be signed by all borrowers on the mortgage** (notarization is not required) and must include: |
| | ■ All income, expenses, and assets for each borrower |
| | ■ An explanation of financial hardship that makes it difficult to pay the mortgage |
| | ■ Your acknowledgment and agreement that all information that you provide is true and accurate |
| Step 3 | ■ **Complete and sign a dated copy of the enclosed IRS Form 4506-T (Only required to reconcile inconsistent information, for certain types of income (ie. Self-employed borrowers, fiscal year tax filers) or if the investor requires it).** |
| | ■ For each borrower, please submit a signed, dated copy of IRS Form 4506-T (Request for Transcript of Tax Return) |
| | ■ Borrowers who filed their tax returns jointly may send in one IRS Form 4506-T signed and dated by both joint |
| Step 4 | ■ **Provide required Hardship documentation. This documentation will be used to verify your hardship.** |
| | ■ Follow the instructions set forth on the Borrower Assistance Form (attached) |
| Step 5 | ■ **Provide required Income documentation. This documentation will be used to verify your hardship and all of your income (Notice: Alimony child support or separate maintenance income need not be revealed if you do not choose to have it considered for repaying this loan).** |
| | ■ Follow the instructions set forth on the Borrower Assistance Form (attached) |
| | ■ You may also disclose any income from a household member who is not on the promissory note (non-borrower), such as a relative, spouse, domestic partner, or fiancé who occupies the property as a primary residence. If you elect to disclose and rely upon this income to qualify, the required income documentation is the same as the income documentation required for a borrower. See Page 2 of the Borrower Assistance Form for specific details on income documentation. |
| Step 6 | ■ **Gather and send completed documents—your Borrower Response Package—no later than 01/21/2019.** You must send in all required documentation listed in steps 2-5 above, and summarized below: |
| | ■ **Borrower Assistance Form (attached)** |
| | ■ **Form 4506-T (attached)** |
| | ■ **Income Documentation as outlined on Page 2 of the Borrower Assistance Form (attached)** |
| | ■ **Hardship Documentation as outlined on Page 3 of the Borrower Assistance Form (attached)** |
| | **Please mail all documents above to us: Mr. Cooper, Attn: Centralized Mod Department, PO Box 619097, Dallas, TX 75261.** |

**IMPORTANT REMINDERS:**
If you cannot provide the documentation within the time frame provided, have other types of income not specified on Page 2 of the Borrower Assistance Form, cannot locate some or all of the required documents, OR have any questions, please contact us at 866-316-2432 or please email to modification.assistance@mrcooper.com. Keep a copy of all documents and proof of mailing/emailing for your records. **Don't send original income or hardship documents. Copies are acceptable.**

**Questions? Contact us at 866-316-2432.**

Exhibit C Page 4 of 13

**cooper**
CHANGING THE FACE OF HOME LOANS

## Information on Avoiding Foreclosure

**Learn more about Options to Avoid Foreclosure**

The variety of options summarized below may help you keep your home. For example, you may be eligible to modify the mortgage, lowering your monthly payment to make it more affordable. Contact us to determine if you qualify.

Depending on your circumstances, staying in your home may not be possible. In this case, a short sale or deed-in-lieu of foreclosure may be a better choice than foreclosure – see the table below for more information.

Don't delay, as failure to take action may result in foreclosure proceedings being initiated on your mortgage.

| OPTIONS TO STAY IN YOUR HOME | OVERVIEW | BENEFIT |
|---|---|---|
| Reinstatement | Pay the total amount you owe, in a lump sum payment and by a specific date. This may follow a forbearance plan as described below. | Allows you to avoid foreclosure by bringing your mortgage current if you can show you have funds that will become available at a specific date in the future. |
| Repayment Plan | Pay back your past-due payments together with your regular payments over an extended period of time. | Allows you time to catch up on late payments without having to come up with a lump sum. |
| Forbearance Plan | Make reduced mortgage payments or no mortgage payments for a specific period of time. | Gives you time to improve your financial situation and possibly qualify for a better option than would be available right now. |
| Modification | Receive modified mortgage terms to make it more affordable or manageable after successfully making payments during a "trial period" (e.g., completing a three month trial period plan) that requires payment of the approximate amount of the modified payment. | Permanently modifies your mortgage so that your payments or terms are more manageable as a permanent solution to a long-term or permanent hardship. |
| OPTIONS TO LEAVE YOUR HOME | OVERVIEW | BENEFIT |
| Short Sale | Sell your home and pay off a portion of your mortgage balance when you owe more on the home than it is worth. | Allows you to transition out of your home without going through foreclosure. In some cases, relocation assistance may be available. |
| Deed-in-Lieu of Foreclosure | Transfer the ownership of your property to us. | Allows you to transition out of your home without going through foreclosure. In some cases, relocation assistance may be available. |

Exhibit C Page 5 of 13

**cooper**
CHANGING THE FACE OF HOME LOANS

| Frequently Asked Questions |
|:---:|

**1. Will It Cost Money to Get Help?**
There should never be a fee from your lender or qualified counselor to obtain assistance or information about foreclosure prevention options. However, foreclosure prevention has become a target for scam artists. Be wary of companies or individuals offering to help you for a fee, and never send a mortgage payment to any company other than the one listed on your monthly mortgage statement or one designated to receive your payments under a state assistance program.

**2. What is foreclosure?**
Forfeiture of your home through a legal process where your mortgage company repossesses the property and you will have to move. This process may involve an eviction, you may remain liable for your first lien mortgage debt and it may be as long as seven years before you are eligible for another mortgage loan.

**3. Will the Foreclosure Process Begin If I Do Not Respond to the Lender's Notices Regarding Missed Payments?**
If you do not respond to your lender's notices to you regarding past due payments, your lender may refer your loan to foreclosure in accordance with your mortgage loan documents and applicable law.

**4. Should I Still Contact the Lender if I Have Waited Too Long and My Property Has Been Referred to an Attorney for Foreclosure?**
Yes, the sooner the better!

**5. What if My Property is Scheduled for a Foreclosure Sale in the Future?**
If your lender receives a complete Uniform Borrower Assistance Form and the supporting documents it requires with only 37 or fewer calendar days before a scheduled foreclosure sale, there is no guarantee it can evaluate you for a foreclosure alternative in time to stop the foreclosure sale. Even if the lender is able to approve you for a foreclosure alternative prior to a sale, a court with jurisdiction over the foreclosure proceeding (if any) or public official charged with carrying out the sale may not halt the scheduled sale.

**6. Will My Property be Sold at a Foreclosure Sale If I Accept a Foreclosure Alternative?**
No. The property will not be sold at a foreclosure sale if you accept an offer for an alternative to foreclosure and comply with all requirements

Exhibit C Page 6 of 13

**cooper**
CHANGING THE FACE OF HOME LOANS

## Beware Of Foreclosure Rescue Scams!

Scam artists have stolen millions of dollars from distressed homeowners by promising immediate relief from foreclosure, or demanding cash for counseling services when HUD-approved counseling agencies provide the same services for FREE. If you receive an offer, information or advice that sounds too good to be true, it probably is. Don't let them take advantage of you, your situation, your house or your money. **Remember, help is FREE.**

**How to Spot a Scam** – beware of a company or person who:
- Asks for a fee in advance to work with your lender to modify, refinance or reinstate your mortgage.
- Guarantees they can stop a foreclosure or get your loan modified.
- Advises you to stop paying your mortgage company and pay them instead.
- Pressures you to sign over the deed to your home or sign any paperwork that you haven't had a chance to read, and you don't fully understand.
- Claims to offer "government-approved" or "official government" loan modifications.
- Asks you to release personal financial information online or over the phone and you have not been working with this person and/or do not know them.

**How to Report a Scam** – do one of the following:
- Go to www.preventloanscams.org and fill out the Loan Modification Scam Prevention Network's (LMSPN) complaint form online and get more information on how to fight back. Note: you can also fill out this form and send to the fax number/e-mail/address (your choice!) on the back of the form
- Call 1-888-995-HOPE (4673) and tell the counselor about your situation and that you believe you got scammed or know of a scam.

Exhibit C Page 7 of 13

## UNIFORM BORROWER ASSISTANCE FORM FOR GOVERNMENT LOANS

If you are experiencing a temporary or long-term hardship and need help, you must complete and submit this form along with other required documentation to be considered for available solutions. On this page, you must disclose information about (1) you and your intentions to either keep or transition out of your home; (2) the property's status; (3) bankruptcy and (4) your credit counseling agency.

On Page 2, you must disclose information about all of your income expenses and assets. Page 2 also lists the required income documentation that you must submit in support of your request for assistance. Then on Page 3, you must complete the Hardship Affidavit in which you disclose the nature of your hardship. The Hardship Affidavit informs you of the required documentation that you must submit in support of your hardship claim.

NOTICE: In addition, when you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this Borrower Assistance Form is accurate and truthful and any identified hardship has contributed to your submission of this request for mortgage relief.

REMINDER: The Borrower Response Package you need to return consists of: (1) this completed, signed and dated Borrower Assistance Form; (2) completed and signed IRS Form 4506T (for self-employed borrowers or borrowers with rental income or if otherwise required); (3) required income documentation and (4) required hardship documentation.

Loan Number: _____ _____ (usually found on your monthly mortgage statement)

Servicer's Name: _____      Number of People in household: _____

I want to:      ☐ Keep the Property      ☐ Vacate the Property      ☐ Sell the Property      ☐ Undecided

The property is currently: ☐ My Primary Residence      ☐ Second Home      ☐ An Investment Property

The property is currently: ☐ Owner Occupied      ☐ Renter Occupied      ☐ Vacant

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME | CO-BORROWER'S NAME |
| SOCIAL SECURITY NUMBER      | DATE OF BIRTH | SOCIAL SECURITY NUMBER      | DATE OF BIRTH |
| HOME PHONE NUMBER WITH AREA CODE | HOME PHONE NUMBER WITH AREA CODE |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |
| MAILING ADDRESS | |
| PROPERTY ADDRESS (IF SAME AS MAILING ADDRESS, JUST WRITE SAME) | EMAIL ADDRESS |

| | |
|---|---|
| Is the property listed for sale?   ☐ ☐ Yes   ☐ ☐ No<br>If yes, what was the listing date? _____<br>If property has been listed for sale, have you received an offer on the property?   ☐ ☐ Yes   ☐ ☐ No<br>Date of offer _____  Amount of offer? _____<br>Agent's Name? _____<br>Agent's Phone Number: _____<br>For Sale by Owner?   ☐ ☐ Yes  ☐ ☐ ☐ No | Have you contacted a credit counseling agency for help?<br>☐ ☐ Yes  ☐ ☐ ☐ No<br>If yes, please complete the counselor contact information below:<br><br>Counselor's Name: _____<br>Agency's Name: _____<br>Counselor's Phone Number: _____<br>Counselor's Email Address: _____ |

Do you have condominium or homeowner association (HOA) fees?  ☐ Yes      ☐ No

Total Monthly amount: $_____      Name and Address fees are paid to? _____

Have you filed for bankruptcy?  ☐ Yes    ☐ No    If yes?    ☐ Chapter 7  ☐ Chapter 11  ☐ Chapter 12  ☐ Chapter 13

If yes, what is the filing date? _____     Has your bankruptcy been discharged? ☐ Yes ☐ No   Bankruptcy case Number: _____

Is any borrower an active duty service member?      ☐ Yes  ☐ No

Has any borrower been deployed away from his/her primary residence or received a Permanent Change of Station order?      ☐ Yes  ☐ No

Is any borrower the surviving spouse of a deceased service member who was on active duty at the time of death?      ☐ Yes  ☐ No

Exhibit C Page 8 of 13

## UNIFORM BORROWER ASSISTANCE FORM FOR GOVERNMENT LOANS

| Monthly Household Income | | Monthly Household Expenses and Debt Payments | | Household Assets (associated with the property and/or borrower(s) excluding retirement funds | |
|---|---|---|---|---|---|
| Gross wages | $ | First Mortgage Payment | $ | Checking Account(s) | $ |
| Overtime | $ | Second Mortgage Payment | $ | Checking Account(s) | $ |
| Child Support / Alimony* | $ | HOA/Condo Dues | $ | Savings / Money Market | $ |
| Non-taxable social security/SSDI | $ | Alimony, child support payments* | $ | CDs | $ |
| Taxable SS benefits, annuities or retirement plans | $ | Credit Cards / Installment Loan(s) (total minimum payment per month) | $ | Stocks / Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Auto Fuel/Insurance | $ | Other Cash on Hand | $ |
| Rents Received | $ | Auto Payments | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | Food | $ | Other | $ |
| Food Stamps/Welfare | $ | Utilities/Phone/Cable | $ | | $ |
| Other | $ | Housekeeping Supplies | $ | | |
| | | Personal Care Products & Services | $ | | |
| | | Apparel & Services | $ | | |
| | | Other | $ | | |
| Total (Gross income) | $ | Total Household Expenses and Debt Payments | $ | Total Assets | $ |

Any other liens (mortgage liens, mechanics liens, tax liens, etc.)

| Lien Holder's Name | Balance & Interest Rate | Loan Number | Lien Holder's Phone Number |
|---|---|---|---|
| | | | |

### Required Income Documentation

| **□ □ Do you earn a salary or hourly wage?** | **□ □ Are you self-employed?** |
|---|---|
| For each borrower who is a salaried employee or paid by the hour, include paystub(s) reflecting the most recent 30 days' or four weeks' earnings and documentation reflecting year-to-date earnings, if not reported on the paystubs (e.g. signed letter or printout from employer). | For each borrower who receives self-employed income, include a complete, signed individual federal income tax return and, as applicable, the business tax return; AND either the most recent signed and dated quarterly or year-to-date profit/loss statement that reflects activity for the most recent three months; OR copies of bank statements for the business account for the last two months evidencing continuation of business activity. |

□ Do you have any additional sources of income? Provide for each borrower as applicable:
   "Other Earned Income" such as bonuses, commissions, housing allowance, tips, or overtime:
      □ □ Reliable third-party documentation describing the amount and nature of the income (e.g., paystub, employment contract or printouts documenting tip income).
   Social Security, disability or death benefits, pension, public assistance, or adoption assistance:
      □ □ Documentation showing the amount and frequency of the benefits, such as letters, exhibits, disability policy or benefits statement from the provider, and
      □ □ Documentation showing the receipt of payment, such as copies of the two most recent bank statements showing deposit amounts.
   Rental income:
      □ □ Copy of the most recent filed federal tax return with all schedules, including Schedule E—Supplement Income and Loss. Rental income for qualifying purposes will be 75% of the gross rent you reported reduced by the monthly debt service on the property, if applicable; or
      □ □ If rental income is not reported on Schedule E – Supplemental Income and Loss, provide a copy of the current lease agreement with either bank statements or cancelled rent checks demonstrating receipt of rent.
   Investment income:
      □ □ Copies of the two most recent investment statements or bank statements supporting receipt of this income.
      □ □ Copy of divorce decree, separation agreement, or other written legal agreement filed with a court, or court decree that states the amount of the alimony, child support, or separation maintenance payments and the period of time over which the payments will be received, and
      □ □ Copies of your two most recent bank statements or other third-party documents showing receipt of payment.

*Notice: Alimony, child support, or separate maintenance income need not be revealed if you do not choose to have it considered for repaying this loan.

Exhibit C Page 9 of 13

## UNIFORM BORROWER ASSISTANCE FORM FOR GOVERNMENT LOANS

### HARDSHIP AFFIDAVIT

I am requesting review of my current financial situation to determine whether I qualify for temporary or permanent mortgage loan relief options.

Date Hardship Began is:

I believe my situation is:
☐ Short-term (under 6 months)
☐ Medium-term ( 6 -12 months)
☐ Long- term or Permanent Hardship (greater than 12 months)

**I am having difficulty making my monthly payment because of the reason set forth below:**
*(Please check the primary reason and submit required documentation demonstrating your primary hardship)*

| If Your Hardship is: | Then the Required Hardship Documentation is: |
|---|---|
| ☐ Unemployment | ☐ No hardship documentation required |
| ☐ ☐ Reduction in Income: a hardship that has caused a decrease in your income due to circumstances outside your control (e.g., elimination of overtime, reduction in regular working hours, a reduction in base pay) | ☐ No hardship documentation required |
| ☐ ☐ Increase in Housing Expenses: a hardship that has caused an increase in your housing expenses due to circumstances outside your control | ☐ No hardship documentation required |
| ☐ ☐ Divorce or legal separation; separation of borrowers unrelated by marriage, civil union or similar domestic partnership under applicable law | ☐ Divorce decree signed by the court; OR<br>☐ ☐ Separation agreement signed by the court; OR<br>☐ Current credit report evidencing divorce, separation, or non-occupying borrower has a different address; OR<br>☐ ☐ ☐ Recorded quitclaim deed evidencing that the non-occupying Borrower or co-Borrower has relinquished all rights to the property |
| ☐ Death of a borrower or death of either the primary or secondary wage earner in the household | ☐ ☐ ☐ Death certificate; OR<br>☐ Obituary or newspaper article reporting the death |
| ☐ ☐ Long-term or permanent disability; Serious illness of a borrower/co-borrower or dependent family member | ☐ Proof of monthly insurance benefits or government assistance (if applicable); OR<br>☐ Written statement or other documentation verifying disability or illness; OR<br>☐ Doctor's certificate of illness or disability; OR<br>☐ Medical Bills<br>None of the above shall require providing detailed medical information |
| ☐ ☐ Disaster (natural or man-made) adversely impacting the property or borrower's place of employment | ☐ Insurance claim; OR<br>☐ ☐ Federal Emergency Management Agency grant or Small Business Administration loan; OR<br>☐ Borrower or employer property located in a federally declared disaster area |
| ☐ ☐ Distant employment transfer/ Relocation | For active-duty servicemembers: Notice of Permanent Change of Station (PCS) or actual PCS orders.<br>For employment transfers/new employment:<br>☐ ☐ Copy of signed offer letter or notice from employer showing transfer to a new employment location; OR<br>☐ ☐ Paystub from new employer<br>In addition to the above, documentation that reflects the amount of any relocation assistance provided, if applicable (not required for those with PCS orders). |
| ☐ Business Failure | ☐ Tax return from the previous year (including all schedules) AND<br>☐ Proof of business failure supported by one of the following:<br>☐ Bankruptcy filing for the business; OR<br>☐ Two months recent bank statements for the business account evidencing cessation of business activity; OR<br>☐ Most recent signed and dated quarterly or year-to-date profit and loss statement |
| ☐ Other; a hardship that is not covered above☐ | ☐ ☐ ☐ Written explanation describing the details of the hardship and relevant documentation☐ |

Exhibit C Page 10 of 13

**Borrower/Co-Borrower Acknowledgement and Agreement**

I certify, acknowledge, and agree to the following:

1. All of the information in this Borrower Assistance Form is truthful and the hardship that I have identified contributed to my need for mortgage relief.

2. The accuracy of my statements may be reviewed by the servicer, owner or guarantor of my mortgage, their agent(s), or an authorized third party*, and I may be required to provide additional supporting documentation. I will provide all requested documents and will respond timely to all servicer, or authorized third party*, communications.

3. Knowingly submitting false information may violate Federal and other applicable law.

4. If I have intentionally defaulted on my existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this request for mortgage relief or if I do not provide all required documentation, the servicer may cancel any mortgage relief granted and may pursue foreclosure on my home and/or pursue any available legal remedies.

5. The servicer is not obligated to offer me assistance based solely on the representations in this document or other documentation submitted in connection with my request.

6. I may be eligible for a trial period plan, repayment plan, or forbearance plan. If I am eligible for one of these plans, I agree that:

   a. All the terms of this Acknowledgment and Agreement are incorporated into such plan by reference as if set forth in such plan in full.

   b. My first timely payment under the plan will serve as acceptance of the terms set forth in the notice of the plan sent by the servicer.

   c. The servicer's acceptance of any payments under the plan will not be a waiver of any acceleration of my loan or foreclosure action that has occurred and will not cure my default unless such payments are sufficient to completely cure my entire default under my loan.

   d. Payments due under a trial period plan for a modification will contain escrow amounts. If I was not previously required to pay escrow amounts, and my trial period plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior waiver is revoked. Payments due under a repayment plan or forbearance plan may or may not contain escrow amounts. If I was not previously required to pay escrow amounts and my repayment plan or forbearance plan contains escrow amounts, I agree to the establishment of an escrow account and agree that any prior escrow waiver is revoked.

7. A condemnation notice has not been issued for the property.

8. The servicer or authorized third party* will obtain a current credit report on all borrowers obligated on the Note.

9. The servicer or authorized third party* will collect and record personal information that I submit in this Borrower Response Package and during the evaluation process. This personal information may include, but is not limited to: (a) my name, address, telephone number, (b) my Social Security number, (c) my credit score, (d) my income, and (e) my payment history and information about my account balances and activity. I understand and consent to the servicer or authorized third party*, as well as any investor or guarantor (such as Fannie Mae or Freddie Mac), disclosing my personal information and the terms of any relief or foreclosure alternative that I receive to the following:

   a. Any investor, insurer, guarantor, or servicer that owns, insures, guarantees, or services my first lien or subordinate lien (if applicable) mortgage loan(s) or any companies that perform support services to them.

10. I consent to being contacted concerning this request for mortgage assistance at any telephone number, including mobile telephone number, or email address I have provided to the lender/servicer/ or authorized third party*. By checking this box, I also consent to being contacted by ☐ text messaging.

---

| | | | |
|---|---|---|---|
| Borrower Signature | Date | Co-Borrower Signature | Date |

*An authorized third party may include, but is not limited to, a counseling agency, Housing Finance Agency (HFA) or other similar entity that is assisting me in obtaining a foreclosure prevention alternative.

Exhibit C Page 11 of 13

Form **4506-T**
(July 2017)
Department of the Treasury
Internal Revenue Service

## Request for Transcript of Tax Return

▶ Do not sign this form unless all applicable lines have been completed.
▶ Request may be rejected if the form is incomplete or illegible.
▶ For more information about Form 4506-T, visit *www.irs.gov/form4506t*.

OMB No. 1545-1872

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946. If you need a copy of your return, use Form 4506, Request for Copy of Tax Return. There is a fee to get a copy of your return.

| | |
|---|---|
| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

Mr. Cooper, PO Box 619097, Dallas, TX 75261, 866-316-2432

**Caution:** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** Transcript requested. Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶   1040

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120-A, Form 1120-H, Form 1120-L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days   .   .   .   .   .   . ☒

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days   . ☐

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days   .   .   . ☐

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days   . ☐

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days   . ☐

**Caution:** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.

| 12/31/2017 | 12/31/2016 | | |
|---|---|---|---|

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, 1 percent or more shareholder, partner, managing member, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note:** This form must be received by IRS within 120 days of the signature date.

☒ **Signatory attests that he/she has read the attestation clause and upon so reading declares that he/she has the authority to sign the Form 4506-T. See instructions.**

Phone number of taxpayer on line 1a or 2a

**Sign Here**

| | |
|---|---|
| ▶ Signature (see instructions) | Date |
| Title (if line 1a above is a corporation, partnership, estate, or trust) | |
| Spouse's signature | Date |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.   Cat. No. 37667N   Exhibit C Page 15 of 13   Form **4506-T** (Rev. 7-2017)

Form 4506-T (Rev. 7-2017)                                                                                                           Page **2**

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t.* Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

## General Instructions

**Caution:** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note:** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get a Tax Transcript..." under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 855-587-9604 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 855-800-8105 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 855-821-0094 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 855-298-1145 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 855-800-8015 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note:** If the addresses on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. The IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

 *You must check the box in the signature area to acknowledge you have the authority to sign and request the information. The form will not be processed and returned to you if the box is unchecked.*

**Individuals.** Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

**Corporations.** Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer. A bona fide shareholder of record owning 1 percent or more of the outstanding stock of the corporation may submit a Form 4506-T but must provide documentation to support the requester's right to receive the information.

**Partnerships.** Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

**All others.** See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Note:** If you are Heir at Law, Next of kin, or Beneficiary you must be able to establish a material interest in the estate or trust.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

Exhibit C Page 13 of 13

# Exhibit D

Plaintiff Pia McAdams' Letter of Hardship sent to Defendant Nationstar, dated January 16, 2019

To: Whom It May Concern
From: Pia McAdams
Date: January 16, 2019

Re: Letter of Explanation of Hardship
    Loan Number

My hardship began after my bankruptcy in 2015.  My employment is depended upon classes offered.  This is based upon the number of students enrolled and other factors beyond my control.

My intention is to remain living in the property.

My plan to get current is to continue seeking additional employment in order to make the payments. My last option would be to sell the house.

HARDSHIP LETTER

Pia McAdams
Loan Number:

Monthly Income:

| | |
|---|---|
| ERAU | $1,175.00 |
| St. Leo University | $1,000.00 |
| | $2,175.00 |

Monthly Expenses:

| | |
|---|---|
| Student Loan | $206.00 |
| HOA | $95.00 |
| Home & Car Insurance | $177.00 |
| AAA | $7.00 |
| BK | $223.00 |
| SDGE | $70.00 |
| EDCO | $65.00 |
| VID | $60.00 |
| Cell Phone | $178.00 |
| Internet | $88.00 |
| Food | $200.00 |
| Gas | $250.00 |
| | $1,619.00 |

| | |
|---|---|
| Net Income | $556.00 |

# Exhibit E

Defendant Nationstar's Letter to Plaintiff Pia
McAdams, dated February 14, 2019

**mr.**
## cooper®
8950 Cypress Waters Blvd.
Coppell, TX 75019

CHANGING THE FACE OF HOME LOANS

02/14/2019

**OUR INFO**
ONLINE
**www.mrcooper.com**

**YOUR INFO**
DEBTOR(S)
**PIA MCADAMS**
CASE NUMBER
**1502621**
LOAN NUMBER

PIA MCADAMS
2121 FIORI DR
VISTA, CA 92084

PROPERTY ADDRESS
**2121 FIORI DRIVE**
VISTA, CA 92084

Dear Pia Mcadams:

Mr. Cooper received your application for loss mitigation options and/or supporting documentation (the "Borrower Response Package"). We have determined that your application for loss mitigation is incomplete either because we are missing documentation or the information in the documentation you have supplied is incomplete. This letter includes a list of the document(s) we've already received and their status, the required document(s)/information we still need and the next steps for you to take. We encourage you to return the specified documentation to us by 3/15/2019.

| Pia Mcadams | | | |
|---|---|---|---|
| **Required Documents** | **Document Status** | **Expiration Date** | **Next Steps** |
| 1099 Tax Statement | Not Received | | Please provide the required document. |
| 30 Days consecutive paystubs with employer name including year to date deductions and earnings | Update Needed | | We need one more paystub to determine your income. Please provide an additional consecutive paystub. |
| Most recent signed quarterly or Year to Date Profit & Loss statement with business name or occupation showing gross income and itemized expenses | Update Needed | | The information you provided is not legible. Please resubmit the document with clear and legible information. |
| RMA (Request for Modification and Affidavit Form) Or UBAF (Uniform Borrower Assistance Form) | Complete | 7/15/2019 | Nothing further is needed for this document at this time. |
| Written explanation describing the details of the hardship and relevant documentation | Complete | 7/15/2019 | Nothing further is needed for this document at this time. |

If any documents are shown to be **'not received,' 'update needed'** or **'expired,'** we encourage you to return the document(s) to us as soon as possible. Various delivery options are provided on the next page. For the documents shown to be 'complete,' please also reference the approaching expiration dates. Generally, the documentation you have provided expires 90 days from our receipt.

We have provided a reasonable date for your client to return the completed Borrower Response Package to us. Please note that we may still review the application if it is received after that date, but the sooner the documents are returned to us, the better.

Once you have provided the additional documentation/information to us as requested, we will evaluate for all loss mitigation options available to you. At the conclusion of the evaluation period, which is generally 30 days, we will send you a notification informing you of the eligibility of those loss mitigation options. If you qualify for a loss mitigation option, you will have 14 days from the date of the offer letter to accept or reject the offer. If you do not respond within 14 days, the offer may be deemed as

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

Exhibit E Page 2 of 4

1-17

rejected. There is no guarantee that you will qualify or receive any loss mitigation options. Depending upon the programs for which you are evaluated, we may be required to obtain third party approval to determine your eligibility.

You may be entitled to additional protections under State or Federal law.

**What do I need to do?**
Return your complete Borrower Response Package with all requested documentation/information to us by 3/15/2019.

Submit your information to us as soon as possible so we can complete the review process.

- Online -            www.mrcooper.com
- Email -            modification.assistance@mrcooper.com
- Fax -            214-488-1993
- Mail -            Mr. Cooper
                    Attn: Loan Modification Processing Unit
                    PO Box 619097
                    Dallas, TX 75261

Log in to our website www.mrcooper.com to track your loan modification status.

If you need assistance completing the package, you can visit www.HUD.gov for access to HUD-approved counselors. You can also call the Homeowner's HOPE Hotline at 1-888-995-HOPE (4673). This Hotline can help with questions and offers access to free HUD-certified counseling services in English and Spanish.

You should also consider contacting Mortgagees of any other Mortgages secured by 2121 Fiori Drive, Vista, CA 92084 to discuss available loss mitigation options.

If you have any questions, your Dedicated Loan Specialist is Justin Harmel and can be reached at (866)-316-2432 or via mail at PO Box 619097, Dallas, TX 75261. Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

Sincerely,

Mr. Cooper



**Notices of Error:**

If you believe an error has been made with respect to the mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Attn: Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

**Requests for Information:**

To request information regarding the account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Attn: Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

# Exhibit F

Notice of Trustee's Sale, dated February 19, 2019

DOC# 2019-0056585

Feb 19, 2019  08:00 AM
OFFICIAL RECORDS
Ernest J. Dronenburg, Jr.,
SAN DIEGO COUNTY RECORDER
FEES: $95.00  (SB2 Atkins: $75.00)

PAGES: 2

RECORDING REQUESTED BY
Title 365
5000 Birch Street
Suite 300
Newport Beach, CA 92660

AND WHEN RECORDED MAIL TO:
Affinia Default Services, LLC
301 E. Ocean Blvd. Suite 1720
Long Beach, CA 90802

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: 9948-4968   TSG Order No.: DS7300-18003621 A.P.N.: 184-302-53-00

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 08/19/2004. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Affinia Default Services, LLC, as the duly appointed Trustee, under and pursuant to the power of sale contained in that certain Deed of Trust Recorded 08/27/2004 as Document No.: 2004-0821052, of Official Records in the office of the Recorder of San Diego County, California, executed by: PIA R MCADAMS, AN UNMARRIED WOMAN, as Trustor,  WILL SELL AT PUBLIC AUCTION TO THE HIGHEST BIDDER FOR CASH (payable in full at time of sale by cash, a cashier's check drawn by a state or national bank, a check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, savings association, or savings bank specified in section 5102 of the Financial Code and authorized to do business in this state).  All right, title and interest conveyed to and now held by it under said Deed of Trust in the property situated in said County and state, and as more fully described in the above referenced Deed of Trust.

**Sale Date & Time: 03/22/2019 at 10:00 AM**
**Sale Location: At the entrance to the East County Regional Center by statue, 250 E. Main Street, El Cajon, CA 92020**

The street address and other common designation, if any, of the real property described above is purported to be: 2121 FIORI DRIVE Unincorporated Area), VISTA, CA 92084

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made in an "AS IS" condition, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as

o bumisita dito sa Internet Web site address www.homesearch.com _____

(Ang Internet website address para makakuha ng impormasyon hinggil sa agbebenta ng ari-arian na ito) (Internet website address for information regarding the sale of this property.

gamit ang numero ng file na itinalaga sa kasong ito _____ 9948-4968 _____. Impormasyon

(numero ng file ng kaso) (case file number)

tungkol sa mga pagpaaantala sa loob ng maikling panahon o maaaring maganap kalapit ng itinakdang pagbebenta ay maaaring hindi kaagad masaad sa impormasyon mula sa telepono o sa Internet Web site. Ang pinakamainam na paraan upang mapatotohanan ang impormasyon sa pagpaaantala ng petsa ay ang pagdalo sa nakatakdang petsa ng bentahan.

Kung nais ninyo ng karagdagang mga kopya ng buod na ito, maaari ninyong makuha ang mga ito sa pamamagitna ng pagtawag sa 833-290-7452                                                    —.

Notice of Sale – Tagalog (Revised 3/28/13)      2

usando el número de registro asignado a este caso ___9948-4968___.
(número de registro del caso)
(Case file number)

Es posible que la información sobre las postergaciones por plazos muy breves o decididas muy próximo a la fecha programada para la subasta no figuren en la información que se ofrece por teléfono o en el sitio web.  La mejor forma de verificar la información sobre las postergaciones es asistir a la subasta que se ha programado.

Si desea recibir copias adicionales de este resumen, puede llamar al teléfono
___833-290-7452___.
(Ingresar número de teléfono)
(Telephone number)

Notice of Sale-Spanish (Revised 3/28/13)                                    2

Exhibit F Page 4 of 7

9948-4968
_____를 사용하시면 됩니다.
(사례 파일 번호) (Case file number)

매우 짧은 기간의 연기 또는 매각 일정과 가까운 시간에 발생하는 연기는 정보 안내 전화나 인터넷 웹사이트에 즉각적으로 나타나지 않을 수 있습니다. 연기 정보를 확인하는 최선의 방법은 매각 예정일에 참석하는 것입니다.

본 요약서의 추가적인 사본을 원하시는 경우, 833-290-7452
_____(으)로 전화하시면
(전화번호) (Telephone number)

보내드립니다.

Notice of Sale – Korean (Revised 3/28/13)                                    2

Exhibit F Page 5 of 7

如果你想獲得更多的本摘要副本，請撥打下列電話_____。
833-290-7452

（電話號碼）(Telephone number)

Notice of Sale-Chinese (Revised 3/28/13)

NOTICE OF SALE
SUMMARY OF KEY INFORMATION

PIA MCADAMS, Pia R McAdams

The attached notice of sale was sent to _____, in relation
                                                      (trustor)
to 2121 FIORI DRIVE Unincorporated Area), VISTA, CA 92084 _____
(description of property that secures the mortgage or deed of trust in default)

YOU ARE IN DEFAULT UNDER A _____Deed of Trust_____
                                                   (deed of trust or mortgage)
DATED ___08/19/2004___. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY
                 (date)
BE SOLD AT A PUBLIC SALE.

        IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST
YOU, YOU SHOULD CONTACT A LAWYER.
                                        $328,307.15 (Estimated)
The total amount due in the notice of sale is _____.
                                                   (total amount due)
                                        03/22/2019 at 10:00 AM
Your property is scheduled to be sold on _____
                                                   (date and time of sale)
at  At the entrance to the East County Regional Center by statue, 250 E. Main Street, El Cajon, CA 92020
(location of sale)

        However, the sale date shown on the attached notice of sale may be postponed one or more
times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California
Civil Code. The law requires that information about trustee sale postponements be made available to
you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your
sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this
                                        (800) 758-8052
property, you may call _____
                          (telephone number for information regarding the trustee's sale)
                                        www.homesearch.com
or visit this Internet Web site address _____
                          (Internet website address for information regarding the sale of
_____, using the file number assigned to this case ___9948-4968___. Information
this property)                                                      (case file number)
about postponements that are very short in duration or that occur close in time to the scheduled sale
may not immediately be reflected in the telephone information or on the Internet Web site. The best
way to verify postponement information is to attend the scheduled sale.

        If you would like additional copies of this summary, you may obtain them by calling
833-290-7452
_____.
     (telephone number)


        Civil Code Section 2923.3(d)(2) (Revised 3/28/13)

# Exhibit G

## Defendant Nationstar's Letter to Plaintiff Pia McAdams, dated March 8, 2019

**mr.**
# COOPER®
CHANGING THE FACE OF HOME LOANS

8950 Cypress Waters Blvd.
Coppell, TX 75019

03/08/2019

**OUR INFO**
ONLINE
www.mrcooper.com

**YOUR INFO**
DEBTOR(S)
**PIA MCADAMS**
CASE NUMBER
**1502621**
LOAN NUMBER

PIA MCADAMS
2121 FIORI DR
VISTA, CA 92084

PROPERTY ADDRESS
**2121 FIORI DRIVE**
**VISTA, CA 92084**

Dear Pia Mcadams:

Mr. Cooper received your application for loss mitigation options and/or supporting documentation (the "Borrower Response Package"). We have determined that your application for loss mitigation is incomplete either because we are missing documentation or the information in the documentation you have supplied is incomplete. This letter includes a list of the document(s) we've already received and their status, the required document(s)/information we still need and the next steps for you to take. We encourage you to return the specified documentation to us by 4/7/2019.

**Pia Mcadams**

| Required Documents | Document Status | Expiration Date | Next Steps |
|---|---|---|---|
| Most recent signed quarterly or Year to Date Profit & Loss statement with business name or occupation showing gross income and itemized expenses | Update Needed | | • Please provide a letter of explanation clarifying the information you provided. • The document you provided is incomplete. Please make sure you have all complete pages and resubmit.;The Profit and Loss is not in correct format. Please provide an itemized schedule for the periods required. |
| 30 Days consecutive paystubs with employer name including year to date deductions and earnings | Complete | 8/22/2019 | Nothing further is needed for this document at this time. |
| RMA (Request for Modification and Affidavit Form) Or UBAF (Uniform Borrower Assistance Form) | Complete | 7/15/2019 | Nothing further is needed for this document at this time. |
| Written explanation describing the details of the hardship and relevant documentation | Complete | 7/15/2019 | Nothing further is needed for this document at this time. |

If any documents are shown to be **'not received,' 'update needed'** or **'expired,'** we encourage you to return the document(s) to us as soon as possible. Various delivery options are provided on the next page. For the documents shown to be **'complete,'** please also reference the approaching expiration dates. Generally, the documentation you have provided expires 90 days from our receipt.

We have provided a reasonable date for your client to return the completed Borrower Response Package to us. Please note that we may still review the application if it is received after that date, but the sooner the documents are returned to us, the better.

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.
If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.

Exhibit G Page 2 of 4

EQUAL HOUSING OPPORTUNITY

1-17



Once you have provided the additional documentation/information to us as requested, we will evaluate for all loss mitigation options available to you. At the conclusion of the evaluation period, which is generally 30 days, we will send you a notification informing you of the eligibility of those loss mitigation options. If you qualify for a loss mitigation option, you will have 14 days from the date of the offer letter to accept or reject the offer. If you do not respond within 14 days, the offer may be deemed as rejected. There is no guarantee that you will qualify or receive any loss mitigation options. Depending upon the programs for which you are evaluated, we may be required to obtain third party approval to determine your eligibility.

You may be entitled to additional protections under State or Federal law.

**What do I need to do?**
Return your complete Borrower Response Package with all requested documentation/information to us by 4/7/2019.

Submit your information to us as soon as possible so we can complete the review process.

- Online -          www.mrcooper.com
- Email -           modification.assistance@mrcooper.com
- Fax -             214-488-1993
- Mail -            Mr. Cooper
                    Attn: Loan Modification Processing Unit
                    PO Box 619097
                    Dallas, TX 75261
Log in to our website www.mrcooper.com to track your loan modification status.

If you need assistance completing the package, you can visit www.HUD.gov for access to HUD-approved counselors. You can also call the Homeowner's HOPE Hotline at 1-888-995-HOPE (4673). This Hotline can help with questions and offers access to free HUD-certified counseling services in English and Spanish.

You should also consider contacting Mortgagees of any other Mortgages secured by 2121 Fiori Drive, Vista, CA 92084 to discuss available loss mitigation options.

If you have any questions, your Dedicated Loan Specialist is Justin Harmel and can be reached at (866)-316-2432 or via mail at PO Box 619097, Dallas, TX 75261. Our hours of operation are Monday through Thursday from 7 a.m. to 8 p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

Sincerely

Mr. Cooper



CHANGING THE FACE OF HOME LOANS

**Notices of Error:**

If you believe an error has been made with respect to the mortgage loan, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the error you believe has occurred. To submit a notice of error, you must send this information to the following address:

Mr. Cooper
Attn: Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

**Requests for Information:**

To request information regarding the account, you should provide to us in writing the following information: Your name (and the name of the borrower, if you are an authorized third party), the loan account number, and the information you are requesting with respect to your mortgage loan. To submit a request for information, you must send this information to the following address:

Mr. Cooper
Attn: Notice of Error/Request for Information
PO Box 619098
Dallas, TX 75261-9741

# Exhibit H

Defendant Nationstar's Letter to Plaintiff Pia McAdams, dated April 11, 2019



CHANGING THE FACE OF HOME LOANS

PO Box 619098
Dallas, TX 75261-9741

**OUR INFO**
**ONLINE**
www.mrcooper.com

Pia McAdams
2121 Fiori Drive
Vista, CA 92084

April 11, 2019

**ACCOUNT INFO**
**LOAN NUMBER:**
**CASE NUMBER:** LB-03-19-02924
**REFERENCE:** 33021
**PROPERTY ADDRESS:**
2121 Fiori Drive
Vista, CA 92084
**MORTGAGOR:**
Pia McAdams

Dear Pia McAdams:

Thank you for reaching out to us. We are looking forward to helping you.

We received your correspondence on March 28, 2019, via the California Department of Business Oversight, and have put together this reply with information that we hope will alleviate your concerns. We looked into the concerns you expressed and after an investigation we're sharing with you what we found:

The account was referred to foreclosure on October 20, 2018. A foreclosure sale date occurred on March 22, 2019.

We acknowledge that our loan modification document request letter, dated March 8, 2019, listed a deadline of April 7, 2019 to return the documents to us. We are currently in the process of attempting to rescind the foreclosure sale.

Mr. Cooper currently has an automated telephone system that is voice activated. You may call 1.888.480.2432, which does not require you to dial the prompts. Once you call in to our automated telephone system, you are able to say "agent" at any time, to be transferred to a live person. Additionally, we apologize for any difficulties or delays you experienced while working with our representatives.

After completing our investigation, we identified the error with the aforementioned letter, and we are working to correct the error as of the date of this correspondence. You have the right to access the documents we used in this investigation and we have included those documents in this letter for your records. Those documents are:

- Notice of Trustee's Sale
- Loan Modification Document Request Letter

If you have any questions, please contact our Customer Service Department at 888-480-2432 or via mail at 8950 Cypress Waters Blvd. Dallas, TX 75019. Our hours of operation are Monday through Thursday from 7 a.m. to 8

Mr. Cooper is a brand name for Nationstar Mortgage LLC. Nationstar Mortgage LLC is doing business as Nationstar Mortgage LLC d/b/a Mr. Cooper. Mr. Cooper is a registered service mark of Nationstar Mortgage LLC. All rights reserved.

**Please be advised this communication is sent for informational purposes only and is not intended as an attempt to collect, assess, or recover a claim against, or demand payment from, any individual protected by the U.S. Bankruptcy Code. If this account has been discharged in a bankruptcy proceeding, be advised this communication is for informational purposes only and not an attempt to collect a debt against you; however, the servicer/lender reserves the right to exercise the legal rights only against the property securing the loan obligation, including the right to foreclose its lien under appropriate circumstances. Nothing in this communication shall be construed as an attempt to collect against the borrower personally or an attempt to revive personal liability.**

If you are a successor in interest (received the property from a relative through death, devise, or divorce, and you are not a borrower on the loan) that has not assumed, or otherwise become obligated on the debt, this communication is for informational purposes only and is not an attempt to collect a debt from you personally.



EQUAL HOUSING
OPPORTUNITY

Exhibit H Page 2 of 3



CHANGING THE FACE OF HOME LOANS

p.m. (CT), Friday from 7 a.m. to 7 p.m. (CT) and Saturday from 8 a.m. to 12 p.m. (CT). Visit us on the web at www.mrcooper.com for more information.

I hope this information is helpful and addresses your concerns. If you have any specific questions about the information I have provided, please contact me directly, using the information below.

Sincerely,

Kimberly Brinkley
Customer Relations Specialist III
Mr. Cooper
P.O. Box 619098
Dallas, TX 75261-9741
Phone: 972.894.1598
Facsimile: 214.488.1993
E-mail: kimberly.brinkley@mrcooper.com

Enclosures 2
By Standard Mail
cc: California Department of Business Oversight

Are you experiencing a financial hardship? Our local non-profit partners can help with financial counseling and other services. Please visit these websites for assistance:

- Hud.gov
- Neighborworks.org