1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PIA MCADAMS, on behalf of herself and those similarly situated,

Plaintiff,

v.

NATIONSTAR MORTGAGE LLC, d/b/a MR. COOPER, a Delaware limited liability company,

Defendant.

Case No. 3:20-cv-02202-L-BLM

**ORDER:**

**(1) Granting Joint Motion for Protective Order; and**
**(2) Entering Stipulated Protective Order**

**[ECF No. 34]**

Hon. Barbara Lynn Major

On December 20, 2021, the parties filed a joint motion requesting that the Court enter the parties' Protective Order.  ECF No. 34.  The Court has considered the Proposed Protective Order and, for good cause shown, the joint motion is **GRANTED** as follows[1]:

## 1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order ("Order").  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

"GOOD CAUSE" STATEMENT

This action is likely to involve trade secrets and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the

---

[1] The parties' motion states that it is submitted in accordance with the Chambers' Rules for the Honorable Jill. L. Burkhardt.  ECF No. 34 at 2.  The Court assumes this was in error as the case is before Magistrate Judge Barbara L. Major and the parties appropriately incorporated Judge Major's rules into their Protective Order. ECF No. 34-1 at 13-14.

prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonably necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good-faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.  DEFINITIONS**

2.1  <u>Action</u>: *McAdams v. Nationstar Mortgage, LLC dba Mr. Cooper*, No. 3:20-cv-02202-L-BLM.

2.2  <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3  <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or items that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the "Good Cause" Statement.

2.4  <u>Counsel</u>: Outside Counsel of Record and/or House Counsel (as well as their respective support staff).

2.5  <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6  <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and items), that are produced or generated in disclosures or responses to discovery in this Action.

2.7   <u>Expert</u>: a person who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8   <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   <u>Parties</u>: all the parties to this Action.

2.12   <u>Party</u>: any party to this Action.

2.13   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.   SCOPE**

The protections conferred by this Order cover not only Protected Material, but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that constitute Protected Material.

*McAdams v. Nationstar Mortgage LLC dba Mr. Cooper,* No. 3:20-CV-02202-L-BLM
STIPULATED PROTECTIVE ORDER

Any use of Protected Material at trial shall be governed by a separate agreement or order. This Order does not govern the use of Protected Material at trial.

## 4.   DURATION

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 5.   DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.

Each Designating Party must take care to limit any designations to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) potentially expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Party or Non-Party whose documents were inspected must determine which documents, or portions thereof, if any, qualify for protection under this Order. Then, before producing the specified documents, the Designating Party must, if applicable, affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)    for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify all protected testimony within thirty (30) days of receipt of the deposition, pretrial, or trial transcript. The Parties agree

that, until the Designating Party identifies which portions, if any, of testimony are "CONFIDENTIAL," the Parties shall treat all of the testimony as "CONFIDENTIAL."

(c)     for information produced in some form other than documentary and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Designating Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

To that end, an inadvertent failure to designate privileged or otherwise protected information or items does not, standing alone, waive the relevant privilege or other protection. Upon correction, the Receiving Party must make reasonable efforts to assure that all privileged material and work product is returned or destroyed immediately. Upon correction, the Receiving Party must make reasonable efforts to assure the all material otherwise protected is treated accordingly.

## 6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time.   Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a

confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the specific basis for each challenge, i.e., the specific reason(s) why the Challenging Party contends that certain Protected Material allegedly is not protected under this Order.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order. The Challenging Party and Designating Party shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice-to-voice dialogue; other forms of communication are not sufficient) within 10 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation for each challenged item of Protected Material was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3    Judicial Intervention.  If the Challenging Party and Designating Party cannot resolve a challenge without court intervention, the Challenging Party may seek court intervention.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has expressly waived the confidentiality designation, the Parties shall continue to afford the Protected Material in question the level of protection to which it is

7

entitled under the Designating Party's designation until the court rules on the challenge. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements imposed in the preceding paragraph.

### 7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose Protected Material only to:

(a) a Party;

(b) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(c) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(d) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e) the court and its personnel;

(f) court reporters and their staff,

(g)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" form attached hereto as Exhibit A;

(h)     the author or recipient of a document constituting or containing the Protected Material or a custodian or other person who otherwise possessed or knew the information constituting Protected Material;

(i)     deponents and their attorneys to whom disclosure during a deposition in this Action is reasonably necessary, provided that: (1) the deponent and its attorney each first sign the "Acknowledgment and Agreement to Be Bound" form attached hereto as Exhibit A; and (2) the deponent and its attorney is not permitted to keep any Protected Material, unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

(j)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by the Parties; and

(k)     any other person as to whom the parties in writing agree.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Protected Material, that Party must:

(a)     promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena

9

or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any Protected Material before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party to not produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the requesting party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested;

*McAdams v. Nationstar Mortgage LLC dba Mr. Cooper,* No. 3:20-CV-02202-L-BLM
STIPULATED PROTECTIVE ORDER

3.      meet and confer with the requesting party to consider whether the Party can produce the <u>Disclosure or Discovery Material</u> containing a Non-Party's confidential information without disclosing the confidential information; and

4.      make the information requested available for inspection by the Non-Party.

(c)      If the Non-Party fails to object or seek a protective order from this court within 21 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.    UNAUTHORIZED    DISCLOSURE    OF    PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" form attached hereto as Exhibit A.

**11.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR OTHERWISE PROTECTED MATERIAL**

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil

Procedure 26(b)(5)(B). Such inadvertent or mistaken disclosure of such information, document or thing shall not constitute a waiver by the producing party of any claims of privilege or work-product immunity. This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work-product protection, the parties may incorporate their agreement in this Order.

**12.   MISCELLANEOUS**

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3   <u>Filing Under Seal</u>. Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the Party seeking to file such material must seek permission of the Court to file the material under seal. No document may be filed under seal, i.e., closed to inspection by the public except pursuant to a Court order that authorizes the sealing of the particular document, or portions of it. A sealing order may issue only upon a showing that the information is privileged or protectable under the law. The request must be narrowly tailored to seek sealing only of the confidential or privileged material. To file a document under seal, the parties must comply with the procedures explained in Section 2.j of the Electronic Case Filing

Administrative Policies and Procedures Manual for the United States District Court for the Southern District of California and Civil Local Rule 79.2. In addition, in accordance with Judge Major's preferences, a Party must file a 'public' version of any document that it seeks to file under seal. In the public version, the Party may redact only that information that is deemed 'Confidential.' The Party should file the redacted document(s) simultaneously with a joint motion or ex parte application requesting that the confidential portions of the document(s) be filed under seal and setting forth good cause for the request."

12.4   <u>Modification of the Protective Order by the Court</u>. The Court may modify the terms and conditions of the Order for good cause, or in the interest of justice, or on its own order at any time during these proceedings.

## 13.   FINAL DISPOSITION

This Order shall survive the final termination of this Action, to the extent that the information contained in the Protected Material is not or does not become known to the public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of Protected Material disclosed hereunder.  Upon termination of this Action, the Parties' counsel shall assemble and return to each other all documents, material and deposition transcripts designated as confidential and all copies of same, or shall certify the destruction thereof.

## 14.   VIOLATIONS

Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

The Parties respectfully request the Court enter this Order.

## 15.   RETENTION OF JURISDICTION.

The Court shall retain jurisdiction over all persons to be bound by the terms of this Protective Order, during the pendency of this action and for a period of no more than one year following the final disposition of this action.

*McAdams v. Nationstar Mortgage LLC dba Mr. Cooper,* No. 3:20-CV-02202-L-BLM
STIPULATED PROTECTIVE ORDER

1

2

3

4

**IT IS SO STIPULATED.**

5

6   Dated: December 22, 2021         **LAW OFFICES OF RONALD A. MARRON**

7                                    By: */s/ Ronald A. Marron*

8                                    RONALD A. MARRON
                                     KAS L. GALLUCCI
9                                    MICHAEL T. HOUCHIN
                                     ELISA PINEDA
10                                   651 Arroyo Drive
                                     San Diego, California 92103
11                                   Telephone: (619) 696-9006
12                                   Facsimile: (619) 564-6665

13

14                                   CHARLES D. RICHMOND
                                     400 South Sierra Ave. #100
15                                   Solana Beach, CA 92075
16                                   Telephone: (858) 558-4600
                                     Facsimile: (858)755-0965
17

18

19                                   ***Counsel for Plaintiff and the Proposed Class***

20   Dated: December 22, 2021         Nationstar Mortgage LLC

21
                                     By: */s/ Mary Kate Kamka*
22

23                                   **Troutman Pepper Hamilton Sanders LLP**
                                     Mary Kate Kamka (SBN 282911)
24                                   Three Embarcadero Center, Suite 800
                                     San Francisco, California 94111
25                                   Telephone: (415) 477-5700
                                     Facsimile: (415)477-5710
26                                   Marykate.kamka@troutman.com

27                                   ***Counsel for Defendant***

28

---

14

*McAdams v. Nationstar Mortgage LLC dba Mr. Cooper,* No. 3:20-CV-02202-L-BLM
STIPULATED PROTECTIVE ORDER

1
2
3
4

## ELECTRONIC SIGNATURE CERTIFICATION

5
6
7
8
9

I, Elisa Pineda, counsel for Plaintiff, in the above-entitled matter, hereby certify that the required parties have adopted and accepted the content of the Stipulated Protective Order, and that I have obtained authorization from Mary Kate Kamka, counsel for Defendant, for her electronic signature on the Stipulated Protective Order.

10
11
12

Dated: December 22, 2021       **LAW OFFICES OF RONALD A. MARRON**

By: */s/ Elisa Pineda*

13
14
15
16
17

**IT IS SO ORDERED.**

18
19
20

Dated:  12/21/2021

21
22

Hon. Barbara L. Major
United States Magistrate Judge

23
24
25
26
27
28

---

15

*McAdams v. Nationstar Mortgage LLC dba Mr. Cooper,* No. 3:20-CV-02202-L-
BLM
STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of California on [_____] in the case of *McAdams v. Nationstar Mortgage LLC dba Mr. Cooper,* No. 3:20-cv-02202-L-BLM.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed:_____

Printed name: _____

[printed name]

Signature: _____

[signature]