UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIA MCADAMS, on behalf of herself and those similarly situated,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC AND DOES 1-10,<br><br>　　　　　　　　　　　　Defendants. | Case No.:  20CV2202-L(BLM)<br><br>**ORDER DENYING JOINT MOTION AND STIPULATION TO EXTEND CASE DEADLINES**<br><br>**[ECF No. 42]** |

　　　　On March 4, 2022, the parties filed a Joint Motion and Stipulation to Extend Case Deadlines.  ECF No. 42.  The parties seek to continue the remaining pretrial deadlines by six months.  Id. at 3.  In support, the parties state that they have diligently conducted discovery and continue to "work collaboratively on discovery requests pertaining to the production of class data[,]" but Defendant filed a Motion for Judgment on the Pleadings [see ECF No. 36] that is currently pending and case dispositive if granted.  ECF No. 42 at 2.  The parties would like "additional time [] to determine what data relating to the putative class number is available and should be produced in advance of class certification" and  to "avoid incurring unnecessary costs associated with expert discovery, that may be ultimately unnecessary if the Court grants Nationstar's MJOP."  Id.

　　　　Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The Rule 16 good cause standard focuses on the "reasonable diligence" of the moving party.  Noyes v. Kelly Servs., 488 F.3d 1163, 1174 n.6 (9th  Cir. 2007); Coleman v. Quaker Oats Co., 232 F.3d 1271, 1294-

95 (9th Cir. 2000) (stating Rule 16(b) scheduling order may be modified for "good cause" based primarily on diligence of moving party). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). However, a court also may consider the "existence or degree of prejudice to the party opposing the modification . . . ." Id.

Here, the parties essentially seek to stay the case pending resolution of Defendant's motion for judgment on the pleadings. The parties fail to provide any law to support this request. ECF No. 42. Additionally, the parties fail to provide an explanation for why they need additional time "to determine what data relating to the putative class number is available and should be produced in advance of class certification." Id. at 2. Discovery has been open for nearly one hundred days and the motion for class certification is not due for another seventy-seven days. The parties do not argue that they cannot complete the desired discovery in time for Plaintiff's May 23, 2022 motion for class certification deadline, only that they would prefer to wait for a ruling on Defendant's pending motion before doing so. Furthermore, the parties fail to provide good cause for their requested six month extension of case deadlines. Here "the part[ies'] reasons for seeking modification" are to await ruling on the pending motion for judgment on the pleadings. This does not constitute good cause. Finally, the parties state that they have diligently engaged in discovery as Plaintiff has served interrogatories and requests for production and Defendant has made two document productions. Id. at 2. While the Court appreciates the parties' efforts thus far, this level of diligence by the parties is insufficient to advance the case schedule by an additional six months. For the reasons set forth above, the parties' motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: 3/8/2022

Hon. Barbara L. Major
United States Magistrate Judge