UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PIA MCADAMS, on behalf of herself and those similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>NATIONSTAR MORTGAGE LLC AND DOES 1-10,<br><br>  Defendants. | Case No.: 20CV2202-L(BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES**<br><br>**[ECF NO. 45]** |

Currently before the Court is Plaintiff's March 14, 2022 Motion to Compel Discovery Responses ("MTC") [ECF No. 45-1], Defendant's March 18, 2022 opposition to the motion ("Oppo.") [ECF No. 47], and Plaintiff's March 23, 2022 reply ("Reply") [ECF No. 48]. For the reasons set forth below, Plaintiff's motion is **DENIED**.

## FACTUAL BACKGROUND

"This is a putative consumer class action where Plaintiff alleges that [Defendant] falsely led Plaintiff to believe that [it] was processing Plaintiff's loan modification application instead of going through with the foreclosure process on her home." MTC at 6 (citing ECF No. 17, First Amended Complaint ("FAC") ¶ 63). This deceptive and illegal practice, known as "dual tracking," is the basis for all of Plaintiff's claims. Id. (citing FAC at ¶¶ 76–78, 128– 30, 140–42, 148, 162). Plaintiff seeks to represent a class consisting of "[a]ll persons whose California owner-occupied property had a first-lien mortgage held by Nationstar Mortgage, LLC d/b/a Mr. Cooper

1

('Nationstar') and were foreclosed on by Nationstar after having submitted a loan modification application, on or after October 1, 2017 and until notice is disseminated to the Class[.]" Oppo. at 6 (quoting FAC ¶ 105).

## DISCOVERY BACKGROUND

On November 19, 2021, Plaintiff served her First Set of Requests for Production of Documents ("RFP") on Defendant Nationstar Mortgage, LLC. MTC at 7; see also ECF No. 45-2, Declaration of Michael T. Houchin in Support of Plaintiff's Motion to Compel ("Houchin Decl.") at ¶ 2, Exh. 1. After the parties agreed on an extension of time to respond, Defendant served objections to the RFPs on January 10, 2022. Id.; see also Houchin Decl. at ¶ 3, Exh. 2.

The parties met and conferred on January 18, 2022 regarding Defendant's discovery responses. MTC at 7; see also Houchin Decl. at ¶ 4. Defendant agreed to supplement its production for RFP No. 17, but would not agree to produce the names and contact information of the putative class members. Id. at 7-8; see also Houchin Decl. at ¶ 4. On February 28, 2022, Defendant supplemented its responses to Plaintiff's First Set of RFPs, including a spreadsheet with potential class members' "(1) loan number; (2) original loan amount; (3) unpaid balance of loan at time of foreclosure sale; (4) property state; (5) foreclosure sale date; (6) loan modification application submitted date; and (7) loan modification application decision date." Oppo. at 7; see also ECF No. 47-1, Declaration of Mary Kate Kamka in Support of Nationstar Mortgage LLC D/B/A Mr. Cooper's Opposition to Plaintiff's Motion to Compel Discovery Responses ("Kamka Decl.") at ¶ 3; MTC at 8; Houchin Decl. at ¶5. The parties met and conferred again on March 4, 2022, but could not reach an agreement. See MTC at 8; Houchin Decl. at ¶ 7.

On March 4, 2022, the parties jointly contacted the Court regarding Defendant's response to RFP No. 17. ECF No. 43. In regard to the dispute, the Court set a briefing schedule. Id. The parties timely filed their pleadings. See MTC, Oppo., and Reply.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

District courts have broad discretion to determine relevancy for discovery purposes.  See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002).  District courts also have broad discretion to limit discovery to prevent its abuse.  See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome, or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)").

## PLAINTIFF'S MOTION

Plaintiff seeks an order from the Court compelling Defendant to supplement its responses to RFP No. 17 and produce the names and contact information of the putative class members. Id. at 6-7.  RFP No. 17 requests

> DOCUMENTS sufficient to IDENTIFY all PERSONS in California who submitted a loss mitigation application to YOU from October 1, 2017 until the present and then subsequently had their home foreclosed.

Id. at 7; see also Houchin Decl. at Exh. 1.  Defendant objected to RFP No. 17 as follows:

> Nationstar objects to this request on the grounds that it is premature, overly broad, and irrelevant to the claims and defenses as they currently exist. Plaintiff's purported class has not been certified and, thus, the requested information is overbroad and irrelevant. Moreover, Plaintiff's alleged class definition is overbroad in that it purports to include all California borrowers whose property was foreclosed on by Nationstar after having submitted a loan modification application, many of whom have no claim for violation of the California Homeowner Bill of Rights or fraud against Nationstar. Furthermore, determining whether any other individual has similar claims against Nationstar as those alleged by Plaintiff would require a burdensome file-by-file review of the individuals' loan modification application and

>foreclosure history, thus illustrating why Plaintiff's claims cannot be certified.
>
>Nationstar further objects to this request as it seeks disclosure of private information of third parties who are not parties to this action, and may not even be members of a class, should a class be certified.
>
>Nationstar further objects to this request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine, or any other applicable privilege.
>
>Based on these objections, Nationstar is willing to meet and confer with Plaintiff's counsel to determine a narrower request for information relating to the alleged class members.

Id.  Plaintiff argues that (1) the names and contact information of the putative class members are relevant "to aid Plaintiff's theories of liability, further develop evidence in support of class certification, and to respond to Nationstar's anticipated opposition to class certification," (2) the request is not overbroad as it tracks the proposed class definition in Plaintiff's FAC, and (3) any privacy concerns are alleviated by the protective order in this case.  Id. at 9-12.

## DEFENDANT'S OPPOSITION

Defendant contends that the Court should deny Plaintiff's motion because

>(1) Plaintiff has failed to make the requisite showing to permit this type of discovery; (2) Plaintiff's request seeks information that is not relevant to the parties' claims and defenses at this juncture in the case given that no class has been certified and Nationstar's dipositive Motion for Judgment on the Pleadings ("MJOP"; ECF No. 36) is currently pending; and (3) the phone numbers of the 1,280 loan account holders listed in Nationstar's list should not be compelled based on the right of privacy.

Oppo. at 5.

## PLAINTIFF'S REPLY

Plaintiff replies that the Court should exercise its discretion and not require Plaintiff to make a *prima facie* showing at this stage, but notes that regardless, she has done so.  Reply at 5.  Plaintiff also notes that while her FAC "adequately alleges that the requirements for class certification are satisfied[,]" the desired information would aid her in demonstrating the requirements of Fed. R. Civ. P. 23   Id. at  6.  Plaintiff argues that the class member contact information is relevant now because the information will give her the opportunity to substantiate

her class allegations and rebut Defendant's opposition to class certification. Id. at 8. Finally, Plaintiff argues that any privacy concerns are alleviated by the protective order that has been entered in this case. Id. at 9.

## DISCUSSION

The scope of pre-class certification discovery lies within the sound discretion of the trial court. Coleman v. Jenny Craig, Inc., 2013 WL 2896884, at *4 (S.D. Cal. June 12, 2013) (citing Kamm v. Cal. City Dev. Co., 509 F.2d 205 (9th Cir.1975)). In seeking discovery before class certification, Plaintiffs bear the burden of making a *prima facie* showing that the Fed. R. Civ. P. 23 requirements are satisfied or that discovery is likely to substantiate the class allegations (Mantolete Burden). Salgado v. O'Lakes, 2014 WL 7272784, at *4 (E.D. Cal. Dec. 18, 2014); see also Coleman, 2013 WL 2896884, at *4 (citing Mantolete v. Bolger, 767 F.2d 1416, 1424 (9th Cir.1985) ("Although in some cases a district court should allow discovery to aid the determination of whether a class action is maintainable, the plaintiff bears the burden of advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23 are satisfied or that discovery is likely to produce substantiation of the class allegations. Absent such a showing, a trial court's refusal to allow class discovery is not an abuse of discretion.")).

Fed. R. Civ. P 23(a) permits a class action to proceed where

> (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

Additionally, a class action only will be certified if

> (1) there is a risk of substantial prejudice from separate actions; or (2) declaratory or injunctive relief benefitting the class as a whole would be appropriate; or (3) "the questions of law and fact common to class members predominate over any questions affecting only individual members and ... a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

Coleman, 2013 WL 2896884, at *4. "In determining whether to grant discovery the court must consider its need, the time required, and the probability of discovery resolving any factual issue necessary for the determination" of whether a class action is maintainable. Id. (citing Kamm, 509 F.2d at 210) (stating that "[t]he propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses. To deny discovery in a case of that nature would be an abuse of discretion. Where the necessary factual issues may be resolved without discovery, it is not required.").

As an initial matter, the Court finds that Plaintiff's discovery request is overbroad and likely includes information with little if any relevance. Plaintiff seeks personal contact information for every person who submitted a loss mitigation application to Defendant and who were foreclosed upon from October 2017 to present day regardless of whether the person has a claim for violation of the Homeowner Bill of Rights ("HBOR") or fraud. MTC at 7. Defendant represents that determining which, if any of these potential class members has a dual tracking claim would require an "individualized file-by-file analysis of the individualized issues[,]" including the individuals' bankruptcy proceedings. Oppo. at 11. Plaintiff makes no effort to narrow the scope of her request by including terms or facts that would indicate possible HBOR or fraud claims. In addition, Plaintiff provides no evidence or explanation in support of her position that some, let alone a significant number of the 1,282 people "identified" in Defendant's spreadsheet, have viable fraud or HBOR claims. See MTC. At this stage of the litigation, producing the personal contact information for the 1,282 people is not proportional to the needs of the case.

Additionally, Plaintiff relies on Amaraut v. Sprint/United Mgt. Co., 2020 WL 8024170 (S.D. Cal. Jan. 14, 2020) to support her argument that the contact information is relevant and necessary "to aid Plaintiff's theories of liability, further develop evidence in support of class certification, and to respond to Nationstar's anticipated opposition to class certification" and "to have basic informational access to potential witnesses." MTC at 10; Reply at 7. Amaraut is distinguishable from the instant case in two important ways. First, there was no dispute in Amaraut about the putative class itself. 2020 WL 8024170. Prior to the discovery dispute

discussed in Amaraut, the parties filed a Joint Motion to Conditionally Certify the Collective and Facilitate Notice Pursuant to 29 U.S.C. § 216(B), which the court granted. Id. at *2. Here, there is a significant dispute as to both the scope and viability of the class. Second, the Amaraut court focused on the fact that plaintiffs were seeking contact information for putative class members who were, or were likely to be, percipient witnesses to the claims alleged in the FSLA case. Id. at *6. Here, Plaintiffs have not established that the 1,281 people who are not parties to the case at this time have an interest in, or have relevant information regarding, the dual tracking class claims. While class member employees are likely to be percipient witnesses to each other's wage and hour claims in a FLSA case, the same cannot be said of the 1,281 individual homeowners and borrowers in this dual tracking case.[1] Defendant's spreadsheet included each potential putative class members' "(1) loan number; (2) original loan amount; (3) unpaid balance of loan at time of foreclosure sale; (4) property state; (5) foreclosure sale date; (6) loan modification application submitted date; and (7) loan modification application decision date." Oppo. at 7; see also Kamka Decl. at ¶ 3; MTC at 8; Houchin Decl. at ¶ 5. Plaintiff has not established why this information is insufficient for Plaintiff to bring her class certification motion.

Plaintiff's discovery request is overbroad, seeks likely irrelevant information, and potentially infringes on the privacy rights of uninvolved individuals as it seeks personal contact information for a large number of people who may not have any interest in or relevant information regarding the dual tracking claims at issue in the litigation. The Court finds that Plaintiff's need for the personal contact information at this stage and "the probability of that

---

[1] Plaintiff also cites to Wiegele v. Fedex Ground Package System, 2007 WL 628041, at *2 (S.D. Cal., Feb. 8, 2007) for the idea that "as a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action" but that case also arose in the employment law context and in full states "[w]age and hour disputes (and others in the same general class) routinely proceed as class actions." "[A]s a general rule, before class certification has taken place, all parties are entitled to 'equal access to persons who potentially have an interest in or relevant knowledge of the subject of the action, but who are not yet parties." Wiegele, 2007 WL 628041, at *2 (internal citations omitted) (emphasis added).

information resolving any factual issue necessary for the determination" of class certification are low. Coleman, 2013 WL 2896884, at *4 (citing Kamm, 509 F.2d at 210).

Finally, Plaintiff has not provided evidence making a *prima facie* showing that the Rule 23 class requirements are satisfied. While Plaintiff establishes numerosity, by noting there are potentially 1,281 class members at issue here [see MTC at 12], Plaintiff provides no evidence of commonality. Plaintiff merely states that the FAC alleges "that there are several questions of law and fact common to the class including whether Nationstar has complied with HBOR." Reply at 6 (citing FAC at ¶ 107). Plaintiff does not address the concern that dual tracking claims likely require particularized reviews of each individual's loan interactions with Defendant to understand if there are fraud or HBOR claims. For similar reasons, Plaintiff fails to make a *prima facie* case for typicality. Because Plaintiff has not made a *prima facie* showing of commonality or typicality, the Court declines to evaluate whether Plaintiff has made a *prima facie* showing of the adequacy prong.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion is **DENIED**.

**IT IS SO ORDERED**.

Dated: 4/1/2022

Hon. Barbara L. Major
United States Magistrate Judge