UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PIA MCADAMS, on behalf of herself
and those similarly situated,

          Plaintiff,

v.

NATIONSTAR MORTGAGE LLC et al,

          Defendants.

Case No. 3:20-cv-2202-L-BLM

**ORDER DENYING MOTION
FOR JUDGMENT ON THE
PLEADINGS AND GRANTING
REQUESTS FOR JUDICIAL
NOTICE [ECF NO. 36.]**

    Pending before the Court is Defendant Nationstar Mortgage LLC's Motion for Judgment on the Pleadings pursuant to Federal Rule of Civil Procedure 12(c) and the Parties' requests for judicial notice. Plaintiff opposes Defendant's Motion for Judgment on the Pleadings. The Court decides the matter on the papers submitted and without oral argument.  See Civ. L. R. 7.1(d.1).

    I.    Factual Background

    Plaintiff purchased her former home in August 2004. Complaint ¶ 15. The home was purchased "with a loan obtained from American Wholesale Lender, Inc." *Id.* Defendant was the mortgage servicer to Plaintiff's loan. *Id.* ¶ 17.

    Plaintiff received her first loan modification from Defendant in October 2010. *Id.* ¶ 18. A few years later, in April 2014, Plaintiff defaulted on her loan. *Id.* ¶

19. Plaintiff filed for Chapter 13 bankruptcy relief on April 23, 2015, and the bankruptcy plan was confirmed on the same day. (*Id.* at ¶ 20; Plaintiff Req. Judicial Notice Ex. 1 at 2 [ECF No. 37-2.])

In December 2016, Plaintiff entered a second loan modification with Defendant. *Id.* ¶ 21. Plaintiff's financial difficulties continued over the next several years. *See id.* ¶¶ 25–28. In November 2018, Plaintiff again defaulted on her loan and requested a third loan modification from Defendant. *Id.* ¶¶ 27, 29.

In December 2018, Defendant sent Plaintiff a Borrower Response Package ("Package"), which Defendant uses to assess whether a loan modification is necessary. *See id.* ¶¶ 32–35. The Package requests several documents, including income documentation. *Id.* ¶¶ 33, 35. The Package "instructed [Plaintiff] to complete the attached documents by January 21, 2019." *Id.* ¶ 31. The Package also stipulated:

> Once we receive your application, we will provide you with an acknowledgment to let you know whether your application is complete or whether documentation or information is missing. In the event information is missing and the application has not been received too close to a scheduled foreclosure sale to permit us to evaluate your application, we will provide you with a reasonable date within which the missing information must be provided to us.
> Prior to our receipt of the missing/complete documents, a foreclosure process may be initiated or if the foreclosure has already been initiated, the foreclosure process will continue until all documents are received unless state law provides otherwise.

*Id.* ¶ 32 (quoting the Package) (emphasis omitted).

Defendant requested additional documentation, which Plaintiff sent on January 16, 2019. *Id.* ¶ 37. Defendant did not reply until February 14, 2019. *Id.* ¶ 41. Defendant's response indicated that Plaintiff's application was incomplete because her income documentation was "'illegible[]' and needed to be resubmitted." *Id.* ¶ 42. Defendant requested that Plaintiff resubmit her income documentation by March 15, 2019. *Id.* Plaintiff resubmitted her income

documentation on March 8, 2019. *Id.* ¶ 47. Within days, Defendant responded and claimed that the income documentation was still incomplete. *Id.* ¶ 48–49. Defendant advised Plaintiff to resubmit the income documentation by April 7, 2019. *Id.* ¶ 52; *see also id.* at 81. Nonetheless, on March 22, 2019, before Plaintiff submitted her income documentation for the third time, Defendant sold Plaintiff's home in a foreclosure sale. *Id.* ¶ 55; *see also id.* at 85.

Plaintiff's bankruptcy proceedings concluded on September 7, 2020, when the bankruptcy court issued an Order of Discharge.  (Def. Req. Jud. Notice Ex. 6 [ECF No. 36-8.])

II.    PROCEDURAL BACKGROUND

On September 22, 2020, Plaintiff filed a putative class action Complaint in Superior Court for the County of San Diego alleging ten causes of action including violations of the California Homeowners Bill of Rights, and Misrepresentation. See *McAdams v. Nationstar Mortgage LLC d/b/a Mr. Cooper*, Case No. 37-2020-00033451-CU-OR-CTL. On November 12, 2020, Defendants removed the action to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332(d).

On December 12, 2020, Defendants filed a motion to dismiss. (MTD [ECF No. 12.]) On December 17, 2020, the Court granted the Parties' request for  extra time, allowing Plaintiff additional time to file a First Amended Complaint, allowing Defendant additional time to respond to a First Amended Complaint, and denying the pending motion to dismiss as moot. (Order Granting Joint Motion [ECF No. 16.])

On January 14, 2021, Plaintiff filed a First Amended Complaint. (FAC [ECF No. 17.])  On February 4, 2021, Defendant filed a Motion to Dismiss the FAC. (MTD  [ECF No. 20.]) The Court granted the Motion in part, dismissing the promissory estoppel and UCL claims without prejudice. (Ord. at 21 [ECF No. 24.]) On October 20, 2021, Defendant filed an Answer to the First Amended Complaint. (Answer [ECF No. 29.])

On January 12, 2022, Defendant filed the present motion for Judgment on the Pleadings. [ECF No. 36.]) On January 31, 2022, Plaintiff filed a Response in Opposition, and Request for Judicial Notice. (Opposition [ECF No. 37.]) On February 7, 2022, Defendant filed a Reply along with a Request for Judicial Notice. (Reply [ECF No. 40.])

III.   LEGAL STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "A judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Owens v. Kaiser Found. Health Plan, Inc*., 244 F.3d 708, 713 (9th Cir.2001).

Courts must evaluate a motion brought pursuant to Rule 12(c) under the same standard as a motion to dismiss brought pursuant to Rule (12(b)(6). *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co.,* 132 F.3d 526, 529 (9ᵗʰ Cir. 1997). A Rule 12(b)(6) motion tests the legal sufficiency of the claims made in the complaint. *See Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is provided "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

IV.   DISCUSSION

Defendant moves for dismissal pursuant to Rule 12(c) contending that Plaintiff concealed her claims against Nationstar from the bankruptcy court, Trustee, and her creditors in her Chapter 13 bankruptcy but she now asserts the claims in this Court, therefore, her claims are barred by the doctrine of judicial estoppel. (Motion at 2).  Defendant argues that Plaintiff was required to disclose the legal claims to the bankruptcy court and her demand for over $50,000 in statutory and punitive damages which accrued in 2019 during the pendency of her

bankruptcy. (*Id*.) Defendant claims that Plaintiff obtained an unfair advantage by failing to disclose these claims to the bankruptcy court.  (*Id*.)

In response, Plaintiff contends she was not required to disclose the claims in this action to the bankruptcy court because the claims arose in 2019, after the confirmation of her bankruptcy plan on August 11, 2015. (Opposition at 1). Plaintiff claims that *In re Jones,* 657 F.3d 921 (9th Cir. 2011) supports her position that the confirmation of her Chapter 13 plan "terminated the estate and all property revested in plaintiff" removing the after-acquired claims against Defendant from any reporting requirement. (Oppo. at 7). As a result, she argues she did not mislead the bankruptcy court and judicial estoppel does not preclude her claims. (*Id*. at 14).

A.  *Judicial Estoppel*

"[J]udicial estoppel 'is an equitable doctrine invoked by a court at its discretion." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). "Judicial estoppel . . .  precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Casualty Co*., 270 F.3d 778, 782 (9th Cir. 2001).  Courts invoke judicial estoppel for "general consideration[s] of the orderly administration of justice and regard for the dignity of judicial proceedings," and to "protect against a litigant playing fast and loose with the courts." *Russell v. Rolfs*, 893 F.2d 1033, 1037 (9th Cir.1990).

"The application of judicial estoppel is not limited to bar the assertion of inconsistent positions in the same litigation, but is also appropriate to bar litigants from making incompatible statements in two different cases." *Hamilton*, 270 F.3d at 783.  "In the bankruptcy context, a party is judicially estopped from asserting a cause of action not raised in a reorganization plan or otherwise mentioned in the debtor's schedules or disclosure statements." *Id*. (*citing Hay v. First Interstate Bank of Kalispell, N.A.*, 978 F.2d 555, 557 (9th Cir.1992); see also *Ah Quin v. County of Kauai Dept. of Transp*., 733 F.3d 267, 271 (9th Cir. 2013). ("If a plaintiff-debtor

omits a pending (or soon-to-be-filed) lawsuit from the bankruptcy schedules and obtains a discharge (or plan confirmation), judicial estoppel bars the action.")

"Ordinarily affirmative defenses may not be raised by motion to dismiss but this is not true when defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  "For a complaint to be dismissed because the allegations give rise to an affirmative defense 'the defense clearly must appear on the face of the pleading.'" *McCalden v. California Library Ass'n,* 955 F.2d 1214, 1219 (9th Cir. 1990)(*superseded by rule on other grounds as stated in Harmston v. City & County of San Francisco*, 627 F.3d 1273 (9th Cir. 2010). "An affirmative defense is grounds for dismissal at the pleading stage only if 'the plaintiff pleads itself out of court—that is, admits all the ingredients of an impenetrable defense ....'" *Boquist v. Courtney*, 32 F.4th 764, 774, (9th Cir. 2022).

In determining the applicability of a judicial estoppel defense, a district court considers the following non-exhaustive list of factors: First, "a party's later position must be 'clearly inconsistent' with its earlier position." *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001). Second, "courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled.'" *Id*. Third, the Court must determine "whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped." *Id*. at 751. These are not inflexible prerequisites, but often provide a sufficient basis for applying judicial estoppel. *Id*.

### 1. Clearly Inconsistent Position

Defendant claims dismissal is warranted because Plaintiff represented to the bankruptcy court that she had no potential legal claims, but she now takes the contrary and inconsistent position that Defendant Nationstar is liable to her for more

than $50,000 on claims that accrued during the pendency of her bankruptcy. (Mot. at 6).

Plaintiff argues that she is not taking an inconsistent position because she was not required to amend her pending bankruptcy petition and schedules to include those claims because confirmation of a bankruptcy plan terminates the estate and all property revests in a plaintiff, resulting in after-acquired legal claims not being included as part of that estate. (*Oppo.* at 6-7). According to Plaintiff, any potential recovery in the present case does not constitute post-confirmation property and is therefore exempt from any reporting requirement to the bankruptcy court. (*Id*. at 8).

The Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, including contingent and unliquidated claims. 11 U.S.C. § 521(1) ("The debtor shall-(1) file a list of creditors, and unless the court orders otherwise, a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs"). "The debtor's duty to disclose potential claims as assets does not end when the debtor files schedules, but instead continues for the duration of the bankruptcy proceeding." *Hamilton*, 270 F.3d at 785. Generally, judicial estoppel bars an action when a plaintiff/debtor omits a pending lawsuit "from the bankruptcy schedules and obtains a discharge or plan confirmation." *Ahn Quin,* 733 F.3d at 271.

Plaintiff filed her bankruptcy petition in 2015, and the conduct giving rise to her claims against Defendant Nationstar occurred between February 14, 2019, and March 22, 2019, after the confirmation but before the final disposition of the Chapter 13 bankruptcy in September 2020.  Plaintiff was aware of Defendant's actions that give rise to her present claims from at least March 22, 2019 onward, yet she did not inform the bankruptcy court of the potential lawsuit by amending her schedules. The Court finds that Plaintiff was required to amend her bankruptcy schedules to include the possible claims against Defendant that accrued during the pendency of her

Chapter 13 proceedings. *Hamilton*, 270 F.3d at 783; *see also Ah Quin*, 733 F.3d at 271.

Plaintiff distinguishes *Hamilton*, contending that the plaintiff there knew of the all the material facts surrounding his claims at the time he filed his bankruptcy schedules, but in contrast, she could not have known about the claims against Defendant when she filed her bankruptcy petition because the facts underlying her claims arose in 2019, five years after she filed her bankruptcy petition. (Oppo. at 9-10). While accurate, this does not address Plaintiff's ongoing obligation to disclose for the duration of the bankruptcy proceedings. *Hamilton*, 270 F.3d at 785.

Furthermore, *In re Jones* does not support Plaintiff's position. The issue in *Jones* was whether the debtor's Franchise Tax Board ("FTB") state tax liabilities were excepted from a Chapter 13 discharge pursuant to the three-year lookback period of 11 U.S.C. §507(a)(8). *In re Jones*, 657 F.3d at 926-27. To evaluate whether the FTB could collect the tax, the court analyzed the consequences to estate property when a Chapter 13 is confirmed. *Id*. at 927. The Court addressed the tension between sections 1327(b), which vests all estate property in the debtor upon confirmation unless otherwise provided for in the plan or confirmation order, and §1306(b)(1) which designates property acquired and earnings earned after the petition date but before the case is closed, dismissed, or converted as estate property. *Id*. In concluding that the tax debt was discharged, the court looked to the language of the Chapter 13 plan which specified that the debtor elected to have property of the estate vest upon plan confirmation. *Id*. at 928-29. Importantly, the court did not address whether after-acquired legal claims were considered "property" for purposes of the estate, therefore, the holding has no bearing on the issue at bar.

By failing to disclose the legal claims against Defendant in her Chapter 13 filings, and later filing this case seeking recovery against Defendant, Plaintiff has alleged inconsistent positions, meeting the first prong of the judicial estoppel inquiry for purposes of a judgment on the pleadings. *See New Hampshire*, 532 U.S. at 750.

### 2. Earlier Court Misled

Having established that Plaintiff was required to amend her bankruptcy schedule to add the legal claims against Defendant Nationstar, the Court next turns to whether Plaintiff succeeded in persuading the bankruptcy court to accept her earlier position, so that judicial acceptance of an inconsistent position in this later proceeding would create 'the perception that either the first or the second court was misled. *Hamilton*, 270 F.3d at 782.

Defendant argues that permitting Plaintiff to proceed with the current action will "condone the actual misleading of the bankruptcy court, the Trustee, and Plaintiff's creditors.  (Mot. at 6). In response, Plaintiff claims that the bankruptcy court did not accept or rely upon an inconsistent position because she was not required to disclose the potential litigation.  (Oppo. at 12).

The bankruptcy court was persuaded to discharge Plaintiff of $57,928 in unsecured debt relying on the disclosures made in Plaintiff's filings. These disclosures included her assertion that she had no potential lawsuits accruing in her favor.  As a result, the bankruptcy court was unaware that she would be seeking over $50,000 from Defendant for actions taken during 2019. Plaintiff does not dispute that the bankruptcy court relied upon the statements. Based on the allegations, it is evident that the bankruptcy court was persuaded to accept Plaintiff's earlier assertions that she had no pending or potential litigation accruing in her favor and to now allow Plaintiff's claims to proceed could result in "judicial acceptance of an inconsistent position" that would create 'the perception that either the first or the second court was misled", meeting the second ground for judicial estoppel. *Hay*, 978 F.2d at 557.

### 3. Unfair Advantage

Defendant contends that Plaintiff would receive an unfair advantage if allowed to proceed with her claims because she represented to the bankruptcy court that she was unable to repay debts owed and was relieved of $57, 928 in unsecured debt as a result, but in fact, she was "shielding" over $50,000 in potential recovery from

1   Defendants by failing to amend her schedules.  (Mot. at 7).  Defendant argues that
2   Plaintiff would acquire an unfair advantage if she was allowed to recover on her claim
3   against Nationstar despite her failure to disclose the claims in her bankruptcy petition
4   or schedules. (*Id*.)

5       Plaintiff disagrees, contending that she would not derive an unfair advantage
6   over Nationstar if the action was to proceed for two reasons: first, it was impossible
7   for her to know of this potential lawsuit until after her plan was confirmed, and
8   second, Plaintiff's Chapter 13 plan provided for payment to creditors, and excluded
9   Nationstar, therefore Nationstar would not be prejudiced if the action was to proceed.
10  (Oppo at 13-14).

11      The doctrine of judicial estoppel is properly applied only where it can be
12  established that "intentional self-contradiction is being used as a means of obtaining
13  unfair advantage in a forum provided for suitors seeking justice." *In re Haynes*, 97
14  B.R. 1007, 1011 (B.A.P. 9th Cir. 1989)(internal citations omitted); *see also Green*
15  *Archives v. Marilyn Monroe LLC*, 692 F.3d 983, 994 (9th Cir. 2012)("judicial
16  estoppel applies 'when a party's position is tantamount to a knowing
17  misrepresentation to or even fraud on the court.'") "The emphasis is not on a hard
18  and fast rule, but rather on prevention of 'intentional self-contradiction ... as a means
19  of obtaining unfair advantage.'" *Arizona v. Shamrock Foods Co.*, 729 F.2d 1208,
20  1215 (9th Cir.1984) (internal citations omitted).

21      The allegations before the Court are insufficient to establish that Defendant is
22  entitled to judgment as a matter of law on its claim that Plaintiff knowingly and
23  intentionally failed to notify the bankruptcy court to obtain an advantage.  *Arizona*,
24  729 F.2d at 1215. Plaintiff has adequately alleged that she believed she was not
25  required to disclose the potential claims against Defendant in her bankruptcy
26  proceedings, and that any failure to do so was not intentional. In addition, Plaintiff's
27  claim that payment to creditors was provided within her Chapter 13 plan, and
28  Nationstar was excluded from the plan, makes it unclear the extent of her obligation

to repay creditors and how Nationstar would be disadvantaged by allowing her claims to proceed. Therefore, Defendant has not demonstrated that Plaintiff intentionally omitted the claims in the bankruptcy court proceedings to gain an unfair advantage, and Defendant's Motion for Judgment on the Pleadings is denied.

   *B. Judicial Notice*

   "The court may judicially notice a fact that is not subject to reasonable dispute because it:(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).  A court may take judicial notice of court records. *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)(Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") "[A] court may take judicial notice of matters of public record[.]" *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

   Defendant Nationstar requests that the Court take judicial notice of: **Exhibit 1,** the Trustee's Deed Upon Sale for Plaintiff's property recorded on February 19, 2019; **Exhibit 2**, a copy of the docket for Plaintiff's bankruptcy case No. 3:15-bk-02621 in the United States Bankruptcy Court for the Southern District of California[1]; **Exhibit 3**, a copy of Plaintiff's Chapter 13 Voluntary Petition, Schedules & Statements filed on April 23, 2015; **Exhibit 4,** a copy of Schedule B of Plaintiff's Balance of Schedules filed on May 7, 2015; **Exhibit 5,** a copy of Plaintiff's Initial Chapter 13 Plan filed on May 7, 2015; **Exhibit 6**, a copy of the Court's Order Discharging Debtor(s) After Completion of Chapter 13 Plan filed on September 7, 2020. (Motion, Req. Jud. Notice at 2-3 [ECF No. 36-2.])

   Plaintiff requests the Court take judicial notice of the Application for Compensation and Confirmation of Chapter 13 Plan, and Order Thereon entered on

---

[1] Defendant makes a second request for judicial notice of this document in its Reply brief. The Court finds this second request moot in light of the present holdings.

August 11, 2015, in Plaintiff's bankruptcy case, Case No. 3:15-bk-02621 in the United States Bankruptcy Court for the Southern District of California. (Opposition, Req. Jud. Notice at 1 [ECF No. 37-1.])

The Court has reviewed the aforementioned documents and finds each of them to be a public record appropriate for judicial notice. *Khoja*, 899 F.3d at 999 Accordingly, the Court grants the Parties' requests for judicial notice of the above referenced documents.

V.   CONCLUSION AND ORDER

For the foregoing reasons, Defendant's motion for judgment on the pleadings is **DENIED**. The Parties' Requests for Judicial Notice are **GRANTED**.

**IT IS SO ORDERED.**

Dated:  August 24, 2022

Hon. M. James Lorenz
United States District Judge